## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HAN LIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-3186 |
| | ) | |
| CHINA WOK HILLSBORO, INC. | ) | |
| d/b/a China Wok, | ) | |
| JIAN YUN SHI | ) | |
| a/k/a Jenny Shi, | ) | |
| d/b/a China Wok, | ) | |
| XIN HUA LIN | ) | |
| a/k/a Sin Lin, | ) | |
| a/k/a Sin H. Lin, | ) | |
| HONG ZHANG | ) | |
| a/k/a Nick Zhang, and | ) | |
| FANG FANG LI | ) | |
| a/k/a Fangfang Li, | ) | |
| a/k/a Amy Li, | ) | |
| a/k/a Elaine Li, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Summary Judgment (d/e 36) filed by Defendants Jian Yun Shi, Hong Zhang, and Fang Fang Li.  For the reasons set forth below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## I. FACTS

Since July 2018, Defendants Hong Zhang and Fang Fang Li have operated China Wok, a small dine-in, take-out, and delivery restaurant in Hillsboro, Illinois. Zhang and Li are husband and wife. Prior to July 2018, China Wok was operated by its owner, Defendant Jian Yun Shi. After hiring Zhang and Li, Shi no longer took part in the management of China Wok but continued to own the restaurant.

On October 20, 2018, Zhang and Li hired Plaintiff Han Lin to work as a waiter. Plaintiff was 18 years old at the time. The details of Plaintiff's initial compensation are disputed, but the parties agree that most of Plaintiff's income prior to March 21, 2019 came from customer tips. On or about July 1, 2019, Plaintiff stopped working as a waiter and began working as a cook instead. Starting on March 21, 2019, Zhang and Li agreed to pay Plaintiff a monthly salary in cash. Plaintiff claims that this agreed monthly salary was $2500, while Defendants claim that Plaintiff's monthly salary was $3000. Plaintiff testified in his deposition that Zhang and Li did not actually transfer the full amount of Plaintiff's wages to him on a

regular basis, but instead held on to Plaintiff's wages and disbursed money to Plaintiff when Plaintiff requested it. Defendants Zhang and Li have neither confirmed nor denied that they maintained control of Plaintiff's money during his employment at China Wok.

On January 8, 2020, Plaintiff gave Zhang and Li notice that Plaintiff would be leaving China Wok. The next day, Plaintiff quit. In his deposition, Plaintiff stated that he quit because he had secured a job at his older brother's restaurant in Virginia. Plaintiff also testified that he initially offered to continue working at China Wok for one week after January 8 but left on the 9th instead because of an argument in which Zhang and Li said that they would not give him the money that they had been holding for him if he left. Plaintiff claims that, when he left China Wok, Zhang and Li owed him $6500 in unpaid wages, which Plaintiff never received. Li and Zhang deny that Plaintiff was owed any wages upon his resignation.

## II. PROCEDURAL BACKGROUND

On July 24, 2020, Plaintiff filed a Complaint (d/e 1) in this Court. On September 19, 2020, Plaintiff filed the pending five-

count Amended Complaint (d/e 5).  The Amended Complaint names Zhang, Li, and Shi as Defendants, as well as "China Wok Hillsboro Inc. d/b/a China Wok" and "Xin Hua Lin."  The Amended Complaint states that Defendant Lin "is the President of China Wok Hillsboro Inc." and that China Wok Hillsboro Inc. was at one time "a domestic business corporation organized under the laws of the State of Illinois."  D/e 5, ¶¶ 10, 18.  However, the parties now agree that China Wok "is not a business entity but a d/b/a or trade name."  See d/e 38, p. 3.  Defendant Lin has not appeared in this matter and has not answered or otherwise responded to Plaintiff's Amended Complaint.

Count I of the Amended Complaint alleges that Defendants failed to pay Plaintiff the federally mandated minimum wage for some or all of the hours Plaintiff worked at China Wok, in violation of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  See 29 U.S.C. § 206.  Count II alleges that Defendants failed to pay Plaintiff the state-mandated minimum wage in violation of the Illinois Minimum Wage Law, 820 ILCS § 105/1 ("IMWL").  Count III alleges that Defendants violated

the overtime provision of the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiff overtime compensation at the statutorily mandated time-and-a-half rate.  Count IV alleges that the same failure to pay overtime wages violated the overtime pay provision of the IMWL. See 820 ILCS 105/4(a).  Count V alleges that Defendants withheld earned wages from Plaintiff after Plaintiff left his job, in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1.

On December 20, 2021, Defendants Shi, Zhang, and Li filed the pending Motion for Summary Judgment (d/e 36).  Defendants argue that Shi was an "absentee owner" of China Wok while Plaintiff worked there and is therefore not subject to individual liability as an employer under the FLSA.  Defendants also argue that no Defendant is liable under the FLSA because Plaintiff cannot show that Plaintiff is entitled to FLSA coverage.  Additionally, Defendants argue that they are entitled to summary judgment on Plaintiff's IMWL claims, Counts II and IV, because the IMWL does not apply to businesses that, like China Wok, employ fewer than four employees exclusive of immediate family members of the employer.  Finally,

Defendants argue that Plaintiff has not properly alleged or proven the elements of an IWPCA claim.

On January 10, 2022, Plaintiff filed a Response (d/e 38) to Defendants' Motion for Summary Judgment.  Plaintiff does not oppose Defendants' request for summary judgment on the IWML claims or on the FLSA claims against Shi.  However, Plaintiff opposes Defendants' request for summary judgment on the FLSA claims against Zhang and Li and on the IWPCA claim.  Plaintiff's Response includes a motion to strike portions of the affidavits submitted by Shi, Zhang, and Li and portions of the statement of undisputed material facts included in Defendants' summary judgment motion.  Defendants Shi, Zhang, and Li filed a Reply (d/e 39) to Plaintiff's Response on January 24, 2022.

### III. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant

believes demonstrates the absence of any genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party.  Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc., 986 F.3d 711, 718 (7th Cir. 2021).  When ruling on a motion for summary judgment, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  King v. Hendricks Cty. Commissioners, 954 F.3d 981, 984 (7th Cir. 2020).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact.  See Celotex, 477 U.S. at 323.  After the moving party does so, the non-moving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255 (cleaned up).  Summary judgment is warranted when the moving party carries its initial burden, and the non-moving party cannot establish an essential element of its case

on which it will bear the burden of proof at trial.  Kidwell v.
Eisenhauer, 679 F.3d 957, 964 (7th Cir. 2012).

## IV. ANALYSIS

**A.    Defendants Are Entitled to Summary Judgment on Plaintiff's Illinois Minimum Wage Law Claims, and Shi Jian Yun Is Entitled to Summary Judgment on Plaintiff's FLSA Claims.**

Plaintiff concedes that Defendant Shi cannot be held
individually liable for FLSA violations because Defendant Shi Jian
Yun was an "absentee owner" with no operational control over
China Wok.  See Lamonica v. Safe Hurricane Shutters, Inc., 711
F.3d 1299, 1314 (11th Cir. 2013) (recognizing that individual
liability under the FLSA requires control over the company that is
"substantial and related to the company's FLSA obligations").
Accordingly, Defendants' unopposed motion for summary judgment
in favor of Defendant Shi Jian Yun on Counts I and III of Plaintiff's
Amended Complaint is GRANTED.  Plaintiff shall recover nothing
from Defendant Shi Jian Yun on either Count I or Count III.

Plaintiff also concedes that the Illinois Minimum Wage Law,
820 ILCS 105/1 et seq., does not apply to Defendants because
China Wok employed fewer than four employees exclusive of the

immediate family of Defendants Zhang and Li.  See 820 ILCS 105/3(d) (stating that any individual employed by a company with fewer than four employees, exclusive of the employer's immediate family, is not an "Employee" entitled to the protections of the Illinois Minimum Wage Law).  Accordingly, Defendants' motion for summary judgment on Counts II and IV of Plaintiff's Amended Complaint is GRANTED.  Plaintiff shall recover nothing on either Count II or Count IV.

Defendants have moved for summary judgment "as to any purported class claims" alleged by Plaintiff.  D/e 36, pp. 22–23.  However, Plaintiff has not alleged any class claims and has not moved for class certification.  Accordingly, Defendant's motion for summary judgment on Plaintiff's "class claims" is DENIED AS MOOT.

Plaintiff's motion to strike portions of the affidavits submitted by Defendants Shi, Zhang, and Li and portions of Defendants' statement of facts is DENIED.  Plaintiff argues that Defendants' testimony regarding the interstate commercial activities and communications of China Wok employees are "conclusory and bare

assertions."  D/e 38, p. 24.  However, the challenged statements are based on Defendants' personal knowledge and memory of the operations of China Wok.  While some of the challenged statements arguably involve legal conclusions, such as the claim that China Wok employees did not "engage in the production of goods for commerce," id., these statements can also be interpreted as awkwardly phrased factual assertions about the kinds of activities that Defendants observed employees performing.  While the accuracy of Defendants' self-serving recollections can be questioned, the Court in its discretion declines to strike the challenged statements.

**B.    Defendants Zhang and Li Are Not Entitled to Summary Judgment on Plaintiff's FLSA Claims Because There Is a Genuine Factual Dispute Regarding China Wok's Annual Revenue.**

The FLSA entitles employees who are either "engaged in commerce or in the production of goods for commerce" (individual coverage) or "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) to an hourly minimum wage and to time-and-a-half overtime pay.  29 U.S.C. § 207.  Plaintiff argues that he qualifies for FLSA coverage

under both the individual coverage and enterprise coverage provisions.  Defendants argue that neither individual nor enterprise coverage applies.

### 1. Plaintiff Was Not Individually Engaged in Commerce and Did Not Produce Goods for Commerce.

To establish individual FLSA coverage, Plaintiff must demonstrate that he was either "engaged in commerce" or "engaged in the production of goods for commerce" when he worked at China Wok.  29 U.S.C. § 207.  The FLSA "regulate[s] only activities constituting interstate commerce, not activities merely affecting commerce."  Joles v. Johnson Cnty. Youth Serv. Bureau, Inc., 885 F. Supp. 1169, 1176 (S.D. Ind. 1995).  An employee is engaged in commerce individually only if his work is "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity."  Mitchell v. C.W. Vollmer & Co., 349 U.S. 427, 429 (1955) (citations omitted).  Here, Plaintiff was a waiter and cook who prepared food and served it to customers in a local restaurant.  The parties have stipulated that the ingredients used by Plaintiff originated outside of Illinois, but Plaintiff has not alleged

that the food he prepared traveled in interstate commerce after he prepared it.  Therefore, Plaintiff did not produce goods for interstate commerce.

Several district courts have held that cooks engaged in preparing food at a local restaurant are not entitled to individual FLSA coverage, even if their ingredients have traveled in interstate commerce or if a few of their customers are traveling interstate.  See Shoemaker v. Lake Arbutus Pavilion, LLC, 115 F. Supp. 3d 974, 979 (W.D. Wis. 2015) (collecting cases); Yan v. Gen. Pot, Inc., 78 F. Supp. 3d 997, 1003 (N.D. Cal. 2015); T Si v. CSM Inv. Corp., No. C-06-7611, 2007 WL 1518350, at *3 (N.D. Cal. May 22, 2007) ("The occasional service of food to people traveling interstate and the handling of food that was moved interstate is insufficient to establish that the individual employee is engaged in commerce."); Monelus v. Tocodrian, Inc., 598 F. Supp. 2d 1312, 1312–15 (S.D. Fla. 2008).  Plaintiff makes no attempt to distinguish these cases and relies solely on the parties' stipulation that the food prepared by Plaintiff originated in states other than Illinois.  Accordingly, the Court finds that Plaintiff is not entitled to individual FLSA coverage.

### 2. Plaintiff Has Raised a Genuine Issue of Material Fact with Respect to Enterprise FLSA Coverage.

Plaintiff is entitled to "enterprise" FLSA coverage if he can establish that China Wok was an "enterprise engaged in interstate commerce."  29 U.S.C. § 207.  The FLSA defines "enterprise engaged in interstate commerce" to include businesses that: (1) "ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) have an "annual gross volume of sales made or business done" of at least $500,000.  Id. § 203(s)(1)(A).  Here, Defendants argue that China Wok's annual gross revenues during Plaintiff's employment were less than $500,000.  Defendants do not deny that China Wok had employees who handled goods moved in interstate commerce.

Defendants have submitted the individual tax returns belonging to Defendant Shi, who was then the owner of China Wok, for the years 2018, 2019, and 2020.  Each of these tax returns includes a "Schedule C" form that lists the gross receipts or sales for China Wok during the year in question.  For 2018, the Schedule C lists $226,485 in gross receipts.  D/e 36, exh. 1, p. 13.  For 2019,

the listed figure is $190,902.  <u>Id.</u>, p. 34.  For 2020, the listed figure

is $72,154.  <u>Id.</u>, p. 60.  All three of these figures are below

$500,000, so if Ms. Shi's tax returns are taken at face value Plaintiff

cannot establish enterprise coverage.

Unfortunately, Ms. Shi's tax returns are clearly fraudulent.

The same Schedule C attachments that list annual gross receipt

figures of less than $500,000 indicate that China Wok paid no

wages to any employee during 2018, 2019, and 2020.  This claim is

contradicted by Defendants' assertion that Plaintiff was employed

by China Wok between October 2018 and January 2019 at a base

salary of $300 per month plus tips, and between March 2019 and

January 2020 at a monthly salary of $3,000.  <u>See</u> d/e 39, p. 2.

Defendants admit that "Defendants' tax returns consistently state

that China Wok paid no wages to any employees" and, by way of

explanation, state that "Plaintiff was paid in cash."  <u>Id.</u>, p. 8.

Defendants have not cited to any provision in the Internal Revenue

Code authorizing employers who pay their employees in cash to

knowingly file falsified tax returns.

Plaintiff has submitted an affidavit in which he testifies that, while he was a waiter and cook, China Wok served approximately 120 dine-in customers and approximately 45 takeout customers daily, resulting in approximately $1,875.00 in gross daily revenue and at least $585,000 in gross annual revenue. D/e 38, exh. 1, pp. 2–3. Defendants have objected to Plaintiff's affidavit as inadmissible and non-evidentiary. See d/e 48.

Rule 56(c)(4) permits a party to submit an affidavit to oppose a motion for summary judgment only if the affidavit "(1) attests to facts of which the affiant has personal knowledge; (2) set[s] out facts that would be admissible in evidence; and (3) show[s] that the affiant or declarant is competent to testify on the matters stated." James v. Hale, 959 F.3d 307, 315 (7th Cir. 2020) (cleaned up) (alterations in original). Plaintiff's affidavit satisfies all three of these requirements. The affidavit contains Plaintiff's estimates of the number of dine-in and take-out customers that China Wok had over the course of an average day, the average dollar amount of revenue collected from each customer by China Wok, the percentage of customers who paid with cash, and China Wok's

practice with respect to issuing receipts to customers who paid with cash.  Plaintiff testifies only to what he saw with his own eyes—his testimony is a summary of his first-hand sensory observations.  See United States v. Conn, 297 F.3d 548, 554 (7th Cir. 2002) ("Lay opinion testimony most often takes the form of a summary of first-hand sensory observations.").  Plaintiff's testimony does not include any specialized interpretation of his observations that would require specialized knowledge of accounting.  The only analysis included in Plaintiff's testimony is basic addition and multiplication, both of which are well within the capabilities of a layperson.

Defendants argue that only an "owner or officer or manager or accountant with personal knowledge of a business and business documents" can offer lay opinion testimony regarding "matters or things of value, such as financial, accounting, or appraisal issues." D/e 48, p. 15.  This theory is based on a misreading of the advisory committee notes to Rule 701 of the Federal Rules of Evidence.  The advisory committee noted that "most courts have permitted the owner or officer of a business" to offer lay opinion testimony as to the "value or projected profits" of a business.  Fed. R. Evid. 701,

committee notes to 2000 amendments.  The fact that one class of employee is permitted to offer certain testimony does not mean that all other classes of employee are prohibited from so testifying. Moreover, Plaintiff is not testifying to the "value or projected profits" of China Wok, or to any other matter that would require intimate familiarity with the restaurant's business records.  Instead, Plaintiff is testifying to the number of customers he served in an average day, and the amount that the average customer paid for their order. Neither the advisory committee notes nor any other authority cited by Defendants suggests a bright-line rule prohibiting employees of a small business from testifying to the number of customers served by the business or the prices charged by the business.

Additionally, courts in other districts have accepted the testimony of employees like Plaintiff regarding estimates of the business income of a former employer.  See Jia Hu Qian v. Siew Foong Hui, 11-CV-5584, 2013 WL 3009389, at *3 (S.D.N.Y. June 14, 2013) ("Plaintiff's affidavit makes it clear that he was in a position to obtain specific knowledge about the restaurant's sales, including the proportion of sales paid with cash and those paid by a

credit card."); Monterossa v. Martinez Rest. Corp., No. 11-CV-3689, 2012 WL 3890212, at *4 (S.D.N.Y. Sept. 7, 2012) (finding that plaintiffs' sworn testimony estimating the gross daily sales of former employer, a small restaurant, created an issue of fact as to whether defendant's revenue fell below FLSA enterprise liability threshold).

Defendants also argue that Plaintiff's affidavit is hearsay because his testimony is a summary of China Wok's business records. The Court disagrees. Plaintiff is not testifying to the content of China Wok's nonexistent records but to the number and cost of the food orders that he personally took and filled as a waiter and cook. For all these reasons, Defendants' objections to the admissibility of Plaintiff's affidavit are OVERRULED.

Even without Plaintiff's affidavit, however, material issues of fact would still remain regarding China Wok's annual revenue. At summary judgment, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. One reasonable explanation for the discrepancy between the payroll that Ms. Shi reported to the IRS and China Wok's actual payroll is that China Wok did a substantial

amount of business in cash, failed to report most of this cash income to the IRS, and then used some of the unreported cash revenue to pay employees.  See, e.g., Zavala-Alvarez v. Darbar Mgmt., Inc., 338 F.R.D. 384, 387 (N.D. Ill. 2021) (finding that defendants filed false tax returns which underreported cash revenue and wages and then "compounded the deception" by relying on the false information in the tax returns to support a motion for summary judgment in an FLSA suit); Qian, 2013 WL 3009389, at *3 (S.D.N.Y. June 14, 2013) (finding that plaintiff's affidavit alleging that defendants were "purposefully under reporting [their restaurant's] gross sales in order to 'reduce their tax burden' and consequently avoid FLSA coverage" created a material factual dispute preventing summary judgment).

On summary judgment, Defendants bear the burden of establishing the nonexistence of any material factual dispute. Defendants' admittedly false tax returns, which are unsigned and unaccompanied by a tax preparer's statement or affidavit, do not prove that China Wok's annual revenue falls below the FLSA threshold.  See Monterossa, 2012 WL 3890212, at *4 (finding a

material dispute of fact where unsigned tax returns were inconsistent with restaurant's business records); <u>Qian</u>, 2013 WL 3009389, at *3 ("[T]ax returns are not dispositive and the veracity of those documents can be questioned by a Plaintiff."); <u>Junmin Shen v. No. One Fresco Tortillas, Inc.</u>, 16-CV-2015, 2018 WL 6712771, at *7 (S.D.N.Y. Nov. 26, 2018) (finding that restaurant qualified for enterprise coverage under FLSA where tax returns showing less than $500,000 in income were inconsistent with other evidence, and where plaintiffs' testimony as to the number and average cost of daily food orders was deemed reliable).

Another indication that Defendants may be understating China Wok's annual revenue comes from the restaurant's reported net profits.  According to the returns, China Wok's net profits before taxes was $32,285 in 2018, $22,515 in 2019, and $15,238 in 2020. <u>See</u> d/e 36, exh. 1, pp. 13, 34, 60.  Assuming that China Wok employed a cook throughout this time period and paid him $3,000 per month, and assuming that Defendants Li and Zhang were also paid for their work, China Wok would have operated at a significant loss for each of the three years in question if the revenue figures

stated in the returns are accurate.  It is certainly possible for a restaurant to operate at a significant loss for a period of three years. However, given the magnitude of the putative loss and the presence of known false statements elsewhere in the returns, a reasonable jury could conclude that the returns dramatically understate China Wok's annual revenue without relying on Plaintiff's testimony.

The only other evidence of China Wok's annual revenue submitted by Defendants consists of China Wok's credit card processing statements from October 2018 to January 2020.  See d/e 43, 44.  The only year for which 12 months of statements have been provided is 2019, and the statements, if taken at face value, show that China Wok took in $120,547.07 in revenue from credit card purchases, before processing fees, in that year.  Id.  In the absence of any reliable evidence regarding the amount of cash revenue China Wok generated, however, the credit card statements do not establish that China Wok's annual revenue was below $500,000 in any year.  Defendants claim that Defendant Zhang made "a brief written notation or record" of the monthly cash totals received from customers, which he presented to China Wok's

accountant on a monthly basis.  However, Defendants admit that
these records of cash revenue have not been preserved.  Defendants
have not provided an affidavit from the accountant who supposedly
handled the temporary cash receipt records.

For all these reasons, Defendants' motion for summary
judgment on Plaintiff's FLSA claims is DENIED.

**C.    Defendants Are Not Entitled to Summary Judgment on
Plaintiff's IWPCA Claims Because a Disputed Issue of
Material Fact Remains Regarding Whether Plaintiff Was
Properly Compensated.**

The IWPCA was enacted to "provide employees with a cause of
action for the timely and complete payment of earned wages or final
compensation, without retaliation from employers." Byung Moo
Soh v. Target Mktg. Sys., Inc., 817 N.E.2d 1105, 1107 (Ill. App.
2004) (cleaned up).  To succeed on an IWPCA claim, a plaintiff must
show that: "(1) he had an employment agreement with the employer
that required the payment of wages or final compensation and (2)
that the defendants were employers under the [IWPCA]." Watts v.
ADDO Mgmt., L.L.C., 97 N.E.3d 75, 80 (Ill. App. 2018) (cleaned up).
Here, Defendants argue that Plaintiff has not pled or established
that Defendants were employers under the IWPCA.  Defendants also

argue that Plaintiff has not pled or established the existence of an
employment agreement in which Defendants agreed to compensate
Plaintiff "for the particular work [Plaintiff] allegedly performed."  D/e
36, p. 22.

Plaintiff's Amended Complaint alleges that "Plaintiff was not
an independent contractor, rather was an employee of the
Defendants by oral IWPCA Agreement and/or written contract," that
"Plaintiff worked for and was employed by Defendants," and that
"Defendants are 'employers' under the terms of the IWPCA section
2."  D/e 5, ¶¶ 88, 92, 95.  In their Answers to Plaintiff's Amended
Complaint, Zhang and Li both admit the truth of each of these
allegations.  See d/e 29, ¶¶ 88, 92, 95; d/e 30, ¶¶ 88, 92, 95.
Defendants have also admitted that they compensated Plaintiff by
paying him $3,000 per month for the work he performed.  These
admissions foreclose each of Defendants' IWPCA summary
judgment arguments.  To the extent that Zhang and Li argue that
they compensated Plaintiff for something other than his work as a
waiter and cook, that argument has been forfeited.  An argument
presented without any supporting authority or reasoning is "merely

an assertion which does not sufficiently raise the issue to merit the court's consideration." Alberici Constr., Inc. v. Wrigley, No. 08-CV-2164, 2009 WL 10685153, at *3 (C.D. Ill. Feb. 12, 2009).

While an employee bears the burden of proof on an IWPCA claim, Baudin v. Courtesy Litho Arts, Inc., 24 F. Supp. 2d 887, 894 (N.D. Ill. 1998), Defendants, as the moving parties at summary judgment, bear "the initial burden of demonstrating that [they are] entitled to judgment as a matter of law." Cabala v. Target, No. 06-CV-4030, 2007 WL 9814458, at *9 (N.D. Ill. Aug. 1, 2007) (denying motion for summary judgment on IWPCA claim where defendant presented no "explanation of why judgment is warranted"). Plaintiff has testified that he and Defendants Zhang and Li had an agreement under which Defendants Zhang and Li were obligated to pay Plaintiff $2500 in wages each month. D/e 38, p. 14. Plaintiff has also testified that, when Plaintiff resigned, Defendants refused to pay him $6,500 in earned wages. Id. Defendants deny that they failed to pay Plaintiff wages owed. Because Defendants kept no records of their cash payments to employees, no hard evidence proving or disproving Plaintiff's assertions has been produced.

Therefore, a material dispute of fact exists regarding whether
Defendants unlawfully withheld wages from Plaintiff.

## V. CONCLUSION

For the reasons stated above, Defendants' Motion for
Summary Judgment (d/e 36) is GRANTED IN PART and DENIED IN
PART.  Summary judgment is granted against Plaintiff and in favor
of Defendants as to Counts II and IV of Plaintiff's Amended
Complaint (d/e 5) and as to Counts I and III of the Amended
Complaint with respect to Defendant Shi only.  Counts I and III of
Plaintiff's Amended Complaint remain pending against Defendants
Zhang, Li, Lin, and China Wok Hillsboro, Inc., and Count V remains
pending against all Defendants.  Plaintiff's motion to strike, which
was filed as part of Plaintiff's Response to Defendant's Motion for
Summary Judgment, is DENIED.  The final pretrial conference and
jury trial in this case remain as previously scheduled.

**ENTERED:  August 29, 2022**

**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**