## GENERAL INSTRUCTION 1. FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national origin, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.01 Agreed Instruction No. 7

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 2. NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

*given no objection*

Court Proposed

Source: Seventh Circuit Pattern Civil Jury Instructions 1.02

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 3. EQUALITY BEFORE THE LAW

In this case one of the defendants is a business organization. All parties are equal before the law.  A business organization is entitled to the same fair consideration that you would give any individual person.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.03 (modified to delete reference to "corporation") Agreed Instruction No. 8

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 4. WHAT IS EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true and that a person would have given certain testimony. I have taken judicial notice of certain facts. You must accept those facts as proved.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.04 Agreed Instruction No. 9

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 5. DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness[es] appeared and testified here in court.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.05 Agreed Instruction No. 10

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 6. WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not

be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.06

Agreed Instruction No. 11

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 7. NOTE-TAKING

If you want to take notes during the trial, you may do so. However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time. If you take notes, be sure that your note-taking does not interfere with your listening to and consideration of all the evidence. Also, if you do take notes, do not discuss them with anyone before you begin your deliberations. Do not take your notes with you at the end of the day—be sure to leave them in this courtroom.

If you choose not to take notes, remember that it is your responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who is taking notes. We depend on the judgment of all members of the jury; you all must remember the evidence in this case.

Pay close attention to the testimony as it is given. At the end of the trial, you must decide based on what you recall

Page **9** of **64**

of the evidence. You will not have a written transcript to

consult.

*not given as duplicative*

Court Modified Instruction

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 8. CONSIDERATION OF ALL EVIDENCE

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.08 Agreed Instruction No. 13

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 9. LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

*given no objection*

Court Proposed

Source: Seventh Circuit Pattern Civil Jury Instructions 1.09

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 10. EVIDENCE LIMITED TO CERTAIN PARTIES

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning violations of the Fair Labor Standards Act only in the case against Defendant Zhang and Li, in their individual capacity, and violations of the Illinois Wage Payment and Collection Act only in the case against Defendants Shi, Zhang, and Li, in their individual capacity. You must not consider it against any other party.

*not given; amended to eliminate reference to Defendant Shi. See 10A*

Source: Seventh Circuit Pattern Civil Jury Instructions 1.10

## GENERAL INSTRUCTION 10A. EVIDENCE LIMITED TO CERTAIN PARTIES

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning violations of the Fair Labor Standards Act only in the case against Defendant Zhang and Li, in their individual capacity, and violations of the Illinois Wage Payment and Collection Act only in the case against Defendants Zhang and Li, in their individual capacity. You must not consider it against any other party.



given no
objection

## GENERAL INSTRUCTION 11. WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.11 Agreed Instruction No. 14

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 12. "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In

reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.12

Agreed Instruction No. 15

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 13. TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

• the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

• the witness's memory;

• any interest, bias, or prejudice the witness may have;

• the witness's intelligence;

• the manner of the witness while testifying;

• the witness's age;

• and the reasonableness of the witness's testimony in light of all the evidence in the case.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.13

Agreed Instruction No. 16

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 14. PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to witnesses who are not parties and who were not placed under oath before trial, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court. In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or

an intentional falsehood and whether it concerns an

important fact or an unimportant detail.

*given no
objection*

Source: Seventh Circuit Pattern Instruction 1.14

Agreed Instruction No. 17

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 15. IMPEACHEMENT OF WITNESS—CONVICTIONS

You have heard evidence that Han Lin has been convicted of crimes. You may consider this evidence only in deciding whether Han Lin's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

*not given*
*—refused*

Court Proposed

Source: Seventh Circuit Pattern Civil Jury Instructions 1.15

Given:

Refused:

Withdrawn:

# GENERAL INSTRUCTION 16. LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

*given no objection*

Court Proposed

Source: Seventh Circuit Pattern Civil Jury Instructions 1.16

Given:

Refused:

Withdrawn:

# GENERAL INSTRUCTION 17. NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.17 Agreed Instruction No. 18

Given:

Refused:

Withdrawn:

# GENERAL INSTRUCTION 18. ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

given no objection

Source: Seventh Circuit Pattern Instruction 1.18 Agreed Instruction No. 19

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 19: TRANSLATED LANGUAGE

You should consider only the evidence provided through the official interpreter.  Although some of you may know Mandarin Chinese, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation.

given with brackets removed.

Court Proposed

Source: Seventh Circuit Pattern Civil Jury Instructions 1.22

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 20. SUMMARIES

Stipulated

The parties agree that [describe summary in evidence]
accurately summarizes the contents of documents, records,
or books. You should consider these summaries just like
all of the other evidence in the case.

Not Stipulated

Certain [describe summary in evidence] is/are in evidence.
The original materials used to prepare those summaries are
also in evidence. It is up to you to decide if the summaries
are accurate.

*not given.*

Source: Seventh Circuit Pattern Instruction 1.23 Agreed
Instruction No. 20

Given:

Refused:

Withdrawn:

# GENERAL INSTRUCTION 19. SUMMARIES

Stipulated

The parties agree that [describe summary in evidence] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

not
given

# GENERAL INSTRUCTION 19A. STIPULATIONS OF FACT

The parties have stipulated, or agreed, that

- While Plaintiff worked as a server, Plaintiffs duties included serving dishes and drinks, bussing tables, and in the mornings cutting fruit and filling soy sauce containers.

- Plaintiff worked for China Wok restaurant from on or about July 1, 2019 through on or about January 9, 2020 as a stir-fry chef ("fry pot").

You must now treat this fact as having been proved for the purpose of this case.

*not given.
objection that
all stipulated facts
should be
given. See
19B.*

# GENERAL INSTRUCTION 19B. STIPULATIONS OF FACT

The parties have stipulated, or agreed, that

- 1. Throughout the period relevant to this lawsuit China Wok's Wok restaurant's place of business was 1119 Vandalia Road, Hillsboro, IL 62049.
- 2. Plaintiff worked for China Wok restaurant from on or about October 20, 2018 through on or about June 30, 2019 as a server.
- 3. While Plaintiff worked as a server, Plaintiffs duties included serving dishes and drinks, bussing tables, and in the mornings cutting fruit and filling soy sauce containers.
- 4. Plaintiff worked for China Wok restaurant from on or about July 1, 2019 through on or about January 9, 2020 as a stir-fry chef ("fry pot").
- 5. While Plaintiff worked on the "fry pot," Plaintiffs

- duties included cutting vegetables, cutting and skewering meats, filling the buffet, and preparing dishes including crab Rangoon, egg rolls, spring rolls, and bacon.

- 6. During his time working at China Wok, Plaintiff took two (2) or three (3) week-long trips to New York, and one (1) to two (2) month(s)-long trip(s) to China.

- 7. China Wok restaurant was owned by Shi Jian Yun from about 2007 through about June 2020.

- 8. Throughout the period of Plaintiffs employment, China Wok restaurant was operated by Hong Zhang and Fang Fang Li.

- 9. Hong Zhang and Fang Fang Li are husband and wife.

- 10. Throughout the period of Plaintiffs employment, China Wok restaurant employed four or fewer employees, including Plaintiff, but not including Hong

Zhang, Fang Fang Li, and members of their immediate family who worked at China Wok restaurant.

- 11. Throughout the period of Plaintiffs employment, Hong Zhang and Fang Fang Li handled all aspects of China Wok restaurant's operations, including but not limited to food preparation, cooking, service, delivery, supervision and management of all China Wok restaurant employees including Plaintiff, and preparation and maintenance of employee records.

- 12. Throughout the period of Plaintiffs employment, Hong Zhang and Fang Fang Li had the authority to hire and fire employees of China Wok restaurant, including Plaintiff; determined the rate and method of payment for employees of China Wok restaurant, including Plaintiff; supervised and controlled employee work schedules at China Wok restaurant, including

Plaintiffs; and kept and maintained employee records for China Wok restaurant, including Plain tiffs.

- 13. China Wok restaurant obtained rice from New Jersey; and vegetables, chicken, pork, rice, shrimp, scallops, imitation crab, ice cream, oil, and frozen nuggets from Missouri.

You must now treat this fact as having been proved for the purpose of this case.

*given no objection.*

# GENERAL INSTRUCTION 21. DEMONSTRATIVE EXHIBITS

Certain [describe demonstrative exhibit(s), e.g., models, diagrams, devices, sketches] have been shown to you. These [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

not given - see 20A.

Source: Seventh Circuit Pattern Instruction 1.24 Agreed Instruction No. 21

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 20A. DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibit(s) have been shown to you.

These short descriptions are used for convenience and to

help explain the facts of the case. They are not themselves

evidence or proof of any facts.

given no objection

## GENERAL INSTRUCTION 22. MULTIPLE CLAIMS; MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are multiple defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.25

Agreed Instruction No. 22

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 23. DISMISSED/WITHDRAWN DEFENDANT

[Former Party] is no longer a defendant in this case.

You should not consider any claims against [Former Party].

Do not speculate on the reasons. You should decide this

case as to the remaining parties.

*not given*

Source: Seventh Circuit Pattern Instruction 1.26 Agreed
Instruction No. 23

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 24. BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

*given no objection.*

Source: Seventh Circuit Pattern Instruction 1.27 Agreed Instruction No. 24

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 25. NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the defendant(s) on the question of

liability, then you should not consider the question of

damages.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.31

Agreed Instruction No. 25

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 26. SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Forms of verdict read.]

[Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.]

*given w/ no no objection parentheses & brackets.*

Source: Seventh Circuit Pattern Instruction 1.32

Agreed Instruction No. 26

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 27. COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

given no objection

Court Proposed
Source: Seventh Circuit Pattern Civil Jury Instructions 1.33

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 28. DISAGREEMENT AMONG JURORS

The verdict(s) must represent the considered judgment of each juror. Your verdict(s), whether for or against the Plaintiff, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that

is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

*given no objection*

Source: Seventh Circuit Pattern Instruction 1.34

Agreed Instruction No. 27

Given:

Refused:

Withdrawn:

## GENERAL INSTRUCTION 29. CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Source: Seventh Circuit Pattern Instruction 2.01 Agreed
Instruction No. 28

Given:

Refused:

Withdrawn:

not given

## GENERAL INSTRUCTION 30. JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

*not given*

Court Proposed
Source: Seventh Circuit Pattern Civil Jury Instructions 2.14

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 1. STATUTE INVOLVED (FAIR LABOR STANDARDS ACT)

The Plaintiff has brought claims under the Fair Labor Standards Act, also referred to as "the FLSA," against Defendants Hong Zhang and Fang Fang Li.  The FLSA is a federal law that provides for the payment of minimum wage for each hour worked and for the payment overtime compensation for all hours in excess of forty in one week, among other requirements. The purpose of the FLSA is to eliminate the existence of labor conditions which are detrimental to the minimum standard of living necessary for the health, efficiency, and general well-being of workers.

An employer must pay an employee overtime compensation for hours worked in excess of forty in any workweek. Overtime compensation must be paid at a rate of at least one and one-half times the employee's regular

rate of pay for each hour worked over forty hours in that workweek.

An employer must pay at least minimum wage for all hours worked by an employee during such a workweek.

In this case Plaintiff alleges that the Fair Labor Standards Act has been violated in two separate and distinct ways. First, Plaintiff alleges that Defendants did not pay him for all hours worked. Second, Plaintiff alleges that Defendants did not pay him one and one-half times his regular rate of pay for his overtime hours.

*given
no objection*

Source: Faculty of Federal Advocates Ad Hoc Committee Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 U.S.C. §§ 202(a), 206, 207

Agreed Instruction No. 29

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 2. ELEMENTS OF CLAIM FOR MINIMUM WAGES

In order for Plaintiff to establish his claims for the Defendants' failure to pay him minimum wage in violation overtime pay in violation of the FLSA, he must prove the following by a preponderance of the evidence that:

1.    Plaintiff was an employee of the Defendant during the period(s) of October 20, 2018 to June 30, 2019; and/or July 1, 2019 to January 9, 2020; and

2.    In the Plaintiff's work for the Defendant, the Plaintiff was employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000; and

3.    Defendant failed to pay the Plaintiff minimum wage for all hours worked by the Plaintiff during one or more workweeks.

The term "commerce" means any trade, commerce, transportation transmission or communication between any state and any place outside that state.

An enterprise is considered to have been "engaged in the production of goods" if the enterprise produced, manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods. If you find that the Plaintiff has failed to prove either or both of these propositions by a preponderance of the evidence, then you must find against him on his minimum wage claim and in favor of the Defendant.

If, on the other hand, you find that the Plaintiff has proven all three propositions by a preponderance of the evidence, then you must find in his favor and against the Defendant.

Source: Faculty of Federal Advocates Ad Hoc Committee Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 U.S.C. § 206 (minimum wage); 29 U.S.C. § 203 (definitions)

Agreed Instruction No. 30

Given:

Refused:

Withdrawn:

*given no objection*

## SUBSTANTIVE INSTRUCTION 3. APPLICABLE MINIMUM WAGE RATES

The minimum wage rate applicable in this case is:

- (a)(1) July 24, 2009 to date -- $7.25 per hour. (29 U.S.C. § 206(a)(1));

- (g) Newly hired employees who are less than 20 years old:

  (1) In lieu of the rate prescribed by subsection (a)(1), any employer may pay any employee of such employer, during the first 90 consecutive calendar days after such employee is initially employed by such employer, a wage which is not less than$4.25 an hour. (29 U.S.C. § 206(g)(1));

Source: Faculty of Federal Advocates Ad Hoc Committee
Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 U.S.C. § 206(a)(1); 29 U.S.C. § 206(g)(1).


Agreed Instruction No. 31

Given:

Refused:

Withdrawn:

*given no objection*

## SUBSTANTIVE INSTRUCTION 4. FLSA – ELEMENTS OF CLAIM FOR OVERTIME PAY

In order for the Plaintiff to establish his claim for the Defendant's failure to pay him overtime pay in violation of the FLSA, he must prove the following by a preponderance of the evidence:

1.    Plaintiff was an employee of the Defendant during the period(s) of October 20, 2018 to June 30, 2019; and/or July 1, 2019 to January 9, 2020; and

2.    In the Plaintiff's work for the Defendant, the Plaintiff was employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000; and

3.    Defendant failed to pay the Plaintiff overtime pay for all hours worked, as that term is defined by Instruction No. _6_, for the Defendant in excess of forty in one or more workweeks.

"Commerce" means any trade, commerce, transportation transmission or communication between any state and any place outside that state.

An enterprise is considered to have been "engaged in the production of goods" if the enterprise produced, manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.

"Overtime pay" means an amount of at least one and one-half times an employee's regular rate of pay, as that term is defined by Instruction No. _8_, for all hours worked in excess of 40 in a workweek.

If you find that the Plaintiff has failed to prove one or more of these propositions by a preponderance of the evidence, then you must find against him on his claim for overtime pay and in favor of the Defendant.

If, on the other hand, you find that the Plaintiff has proven all three propositions by a preponderance of the evidence, then you must find in his favor and against the Defendant.

*given w/ no obj. Instruction references filled in.*

Source: Faculty of Federal Advocates Ad Hoc Committee Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 U.S.C. § 207 (overtime wages); 29 U.S.C. § 203 (definitions).

Agreed Instruction No. 33

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 5. FLSA – DEFINITION – WORKWEEK

"Workweek" means a regularly recurring period of seven days or 168 hours, as designated by the employer.

*given no objection*

Source: Faculty of Federal Advocates Ad Hoc Committee Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 C.F.R. § 776.4

Agreed Instruction No. 34

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 6. FLSA – DEFINITION – HOURS WORKED

"Hours worked" means all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed.

*given no objection*

Source: Faculty of Federal Advocates Ad Hoc Committee Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 U.S.C. §§ 29 C.F.R. §§ 785.11, 785.17, 785.18, 785.19; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 698, 690–91 (1946); Armour & Co. v. Wantock, 323 U.S. 126, 133 (1944); IBP, Inc. v. Alvarez, 546 U.S. 21, 25 (2005) (citing Anderson and Wantock with approval)

Agreed Instruction No. 35

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 7. FLSA – DETERMINING HOURS WORKED

You must determine the number of hours worked by the Plaintiff based on all of the evidence. The Plaintiff bears the burden of proving he performed work for which he was not properly compensated. However, the Defendant is legally required to keep accurate records of its employees' hours worked. If you find that the Defendant failed to maintain records of the Plaintiff's hours worked or that the records it kept are inaccurate or inadequate, you must accept the Plaintiff's estimate of hours worked, unless you find it to be unreasonable. Damages may be awarded even though the result is only approximate. The employer cannot complain that the damages lack the precision that would have been possible if the employer had kept the records required by law.

Source: Faculty of Federal Advocates Ad Hoc Committee Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 U.S.C. §§ 203, 211(c), 254; 29 C.F.R. § 516; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687–88 (1946)

Agreed Instruction No. 36

Given:

Refused:

Withdrawn:

given no objection.

## SUBSTANTIVE INSTRUCTION 8. FLSA – "REGULAR RATE" OF PAY (GENERAL)

The "regular rate" of pay is the hourly rate actually paid to the employee for the normal, nonovertime workweek for which he was employed. The regular rate of pay is determined by dividing the employee's total compensation for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. The regular rate under the Act is a rate per hour.

Employees may be compensated on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular

hourly rate of such employees during each workweek, with certain statutory exclusions.

If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired a salary of $350 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $350 divided by 35 hours, or $10 per hour. When the employee works overtime the employee is entitled to receive $10 for each of the first 40 hours and $15 (one and one-half times $10) for each hour thereafter. If an employee is hired at a salary of $375 for a 40-hour week the regular rate is $9.38 an hour. 29 C.F.R. § 778.113(a).

Source: Faculty of Federal Advocates Ad Hoc Committee Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 U.S.C. § 207(e); 29 C.F.R. §§ 541.602(a), 778.107–778.122, 778.200–778.224; Walling v. Youngerman-Reynolds Hardwood Corp., 325 U.S. 419, 424 (1945); Chavez v. City of Albuquerque, 630 F.3d 1300 (10th Cir. 2011). See 29 U.S.C. §207(e); 29 C.F.R. §§ 778.108, 778.109. See also 29 C.F.R. §§ 778.107-778.122 (principles for computing overtime based on the regular rate); 29 C.F.R. §§ 778.200-778.224 (statutory exclusions).

Agreed Instruction No. 37

Given:

Refused:

Withdrawn:

*not given.*
*see 8A.*

**SUBSTANTIVE INSTRUCTION 8A. FLSA – "REGULAR RATE" OF PAY (GENERAL)**

The "regular rate" of pay is the hourly rate actually paid to the employee for the normal, nonovertime workweek for which he was employed. The regular rate of pay is determined by dividing the employee's total compensation for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. The regular rate under the Act is a rate per hour.

Employees may be compensated on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular

hourly rate of such employees during each workweek, with certain statutory exclusions.

If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired a salary of $350 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $350 divided by 35 hours, or $10 per hour. When the employee works overtime the employee is entitled to receive $10 for each of the first 40 hours and $15 (one and one-half times $10) for each hour thereafter. If an employee is hired at a salary of $375 for a 40-hour week the regular rate is $9.38 an hour. 29 C.F.R. § 778.113(a).

"Where an employee's salary covers a period longer than a workweek, such as a month, it must be reduced to

its workweek equivalent. A monthly salary is subject to translation to its equivalent weekly wage by multiplying by 12 (the number of months per year), and dividing by 52 (the number of weeks per year). Once the weekly salary is arrived at, the regular hourly rate of pay will be calculated as I instructed you a moment ago. For instance, if an employee is hired at a salary of $2,700 per month, and if it is understood that this salary is compensation for a regular workweek of 72 hours, the employee's regular rate of pay is $2,700 multiplied by 12 months, divided by 52 weeks, further divided by 72 hours, or $8.65 per hour. And when that employee works overtime the employee is entitled to receive $8.65 for each of the first 40 hours and $12.98 (one and one-half times $8.65) for each hour thereafter. 29 C.F.R. § 778.113(b)."



given no objection

## SUBSTANTIVE INSTRUCTION 9. NO WAIVER OF RIGHTS (FAIR LABOR STANDARDS ACT)

The employee's right to be paid minimum or overtime wages cannot be revoked by his employer or waived by the employee. For this reason, an employer cannot be excused from liability for a violation of the FLSA even though some or all employees may have consented to be paid for less time than that required by the FLSA. An announcement by the employer that no overtime work will be permitted, or that overtime work will not be compensated unless authorized in advance, will not impair the employee's right to compensation for work which he is actually suffered or permitted to perform.

Source: Faculty of Federal Advocates Ad Hoc Committee Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 U.S.C. § 216(c); 29 C.F.R. § 778.316; Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S.

728, 740 (1981); Brooklyn Savings Bank v. O'Niel, 324 U.S. 697, 704–07 (1945); Walton v. United Consumer Club, 786 F.2d 303, 306 (7th Cir. 1986)

Agreed Instruction No. 39

Given:

Refused:

Withdrawn:

*given no objection*

## SUBSTANTIVE INSTRUCTION 10. WILLFUL VIOLATION (FAIR LABOR STANDARDS ACT STATUTE OF LIMITATIONS)

If you find in favor of the Plaintiff on his minimum wage or overtime claims, you must determine whether the Defendants' failure to pay minimum wage and/or overtime was willful. In order for the Plaintiff to establish that the Defendants' failure to pay him minimum wage and/or overtime pay was willful, he must prove, by a preponderance of the evidence, that the Defendant knew its conduct was prohibited by the FLSA or showed reckless disregard for whether its conduct was prohibited by the FLSA.

*given no objection*

Source: Faculty of Federal Advocates Ad Hoc Committee Model Employment Law Jury Instructions (Sep. 2013)

Authority: 29 U.S.C. § 255; McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988) Agreed Instruction No. 40

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 11. STATUTE INVOLVED (SECTION 2 - ILLINOIS WAGE PAYMENT AND COLLECTION ACT)

One of the claims in this case is that the defendants violated the Illinois Wage Payment and Collection Act — IWPCA for short.  That statute at Section 2 says the following: Payments to separated employees shall be termed "final compensation" and shall include agreed wages owed to the employee by the employer pursuant to an employment contract or agreement between the two parties. Plaintiff claims he did not receive approximately $6,500 in held wages from the Defendants and Defendants deny that any wages were withheld.

*given no objection*

Source: 820 ILCS 115/4

Plaintiffs' Proposed IWPCA Instruction 1

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 12. STATUTE INVOLVED (SECTION 5 - ILLINOIS WAGE PAYMENT AND COLLECTION ACT)

Section 5 of the IWPCA says the following: Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

*given no objection*

Source: 820 ILCS 115/4-5

Plaintiffs' Proposed IWPCA Instruction 2

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 13. ELEMENTS OF CLAIM FOR IWPCA

To establish a claim under the IWPCA, the plaintiff must show that "wages or final compensation" are due to him under an employment contract or agreement. The contract or agreement can be in writing or verbal.

*given no objection*

Source: 820 ILCS 115/4

Plaintiffs' Proposed IWPCA Instruction 3

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 14: IWPCA – DEFINITION - EMPLOYER

Under the IWPCA, the term "employer" shall include any individual, partnership, association, corporation, limited liability company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed.

*given no objection*

Source: 820 ILCS 115/2

Defendants' Proposed IWPCA Instruction 4

Given:

Refused:

Withdrawn:

## SUBSTANTIVE INSTRUCTION 15: IWPCA – DEFINITION – EMPLOYER

Under the IWPCA, in addition to an individual who is deemed to be an employer pursuant to Section 2 of [the IWPCA] Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation.

*given no objection*

Source: 820 ILCS 115/13

Defendants' Proposed IWPCA Instruction 5

Given:

Refused:

Withdrawn:

Page **63** of **64**

## SUBSTANTIVE INSTRUCTION 16: IWPCA – KNOWINGLY PERMIT

Under the IWPCA, if an individual does not oversee the day-to-day operations of the employee's work, or set his work schedule or payment arrangement, then that individual does not knowingly permit violations of the IWPCA.

*Given no objection*

Source(s): 820 ILCS 115/13; Cardenas v. Grozdic, 67 F. Supp. 3d 917, 924 (N.D. Ill. 2014); 24 Wage & Hour Cas.2d (BNA) 657

Defendants' Proposed IWPCA Instruction 6

Given:

Refused:

Withdrawn: