IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HAN LIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) |
| | ) |
| HONG ZHANG | ) |
|     a/k/a Nick Zhang, | )   Case No. 20-cv-03186 |
| FANG FANG LI | ) |
|     a/k/a Fangfang Li | ) |
|     a/k/a Amy Li | ) |
|     a/k/a Elaine Li, | ) |
| CHINA WOK HILLSBORO INC | ) |
|     d/b/a China Wok, and | ) |
| XIN HUA LIN | ) |
|     a/k/a Sin Lin | ) |
|     a/k/a Sin H Lin, | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, United State District Judge:**

For the following reasons, the Court awards $11,437.36 in liquidated damages under the Fair Labor Standards Act (FLSA) and $11,648 in penalties for unpaid wages under the Illinois Wage Payment and Collection Act (IWPCA) for Plaintiff Han Lin and against Defendants Hong Zhang and Fang Fang Li.

    **I.    BACKGROUND**

Page **1** of **7**

On July 24, 2020, Plaintiff filed a Complaint (d/e 1) against Defendants Jian Yun Shi, Hong Zhang, Fang Fang Li, China Wok Hillsboro, Inc., and Xin Hua Lin ("Defendants"). On September 19, 2020, Plaintiff filed a five-count Amended Complaint (d/e 5) against Defendants for alleged violations of the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), and the Illinois Wage Payment and Collection Act (IWPCA). Plaintiff worked as a waiter and a cook at China Wok, a restaurant in Hillsboro, Illinois.

On August 29, 2022, the Court granted Defendants' Motion for Summary Judgment in part and denied it in part (d/e 55). Counts I and III of Plaintiff's Amended Complaint remained pending against Defendants Zhang, Li, Lin, and China Wok Hillsboro, Inc., and Count V remained pending against all Defendants.

Count I of the Amended Complaint alleged that Defendants failed to pay Plaintiff the federally mandated minimum wage for some or all of the hours Plaintiff worked at China Wok, in violation of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Count III alleged that Defendants violated the overtime provision of the FLSA, 29 U.S.C. § 207(a), by failing to pay Plaintiff overtime compensation at the statutorily

mandated time-and-a-half rate. Count V alleged that Defendants withheld earned wages from Plaintiff after Plaintiff left his job, in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1.

On May 23, 2023, the jury in this case entered a verdict for Plaintiff Han Lin and against Defendants Hong Zhang and Fang Fang Li, awarding $4,131.44 in overtime wages and $7,305.92 in minimum wages owed during Plaintiff's employment as a server under the FLSA (d/e 85). The jury also entered a verdict for Plaintiff Han Lin and against Defendants Hong Zhang and Fang Fang Li, awarding $14,560.24 in unpaid wages under the IWPCA (d/e 85).

## II.  ANALYSIS

### A. Under the FLSA, Defendants Hong Zhang and Fang Fang Li have not established a good faith defense against liability for liquidated damages.

The FLSA states that employers found to have been in violation of the Act are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §

216(b); <u>Bankston v. State of Illinois</u>, 60 F.3d 1249, 1254 (7th Cir. 1995) ("The FLSA presumptively authorizes the district court to award liquidated double damages against employers who violate the FLSA."). However, the FLSA provides a good faith with reasonable belief exception to liquated damages:

> If the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . . the court may . . . award no liquidated damages.

29 U.S.C. § 260.

To establish good faith with reasonable belief, an employer bears the burden to demonstrate that it took steps to determine its FLSA obligations. <u>See</u> <u>Bankston</u>, 60 F.3d at 1255 (citing 29 U.S.C. § 216(b)). Here, Defendants Hong Zhang and Fang Fang Li failed to meet their burden. There is no indication that Defendants Hong Zhang and Fang Fang Li acted reasonably or in good faith in failing to pay overtime and minimum wages. While Defendants Hong Zhang and Fang Fang Li advanced the argument that China Wok Hillsboro made less than $500,000 in annual sales, which would make the FLSA inapplicable to Defendants, the Court does not find

that Defendants have satisfied their burden.  29 U.S.C. § 203(s)(1)(A).  At summary judgment, the Court found that "Defendants' admittedly false tax returns, which are unsigned and unaccompanied by a tax preparer's statement or affidavit, do not prove that China Wok's annual revenue falls below the FLSA threshold."  d/e 55, p. 19.  The Court also noted that "given the magnitude of the putative loss and the presence of known false statements elsewhere in the returns, a reasonable jury could conclude that the returns dramatically understate China Wok's annual revenue without relying on Plaintiff's testimony."  Id. at p. 21.  In fact, the jury did so.  The jury found that the total amount of compensation due to Plaintiff Lin because of Defendants Hong Zhang and Fang Fang Li's violation of the FLSA is $11,437.36 ($4,131.44 in overtime wages and $7,305.92 in minimum wages).  Plaintiff Lin is also entitled to liquidated damages in an equal amount of $11,437.36.  Thus, the Court awards Plaintiff Lin damages in the total amount of $22,874.72 and will enter judgment in the amount as to Counts I and III.

### B. Under the IWPCA, Defendants Hong Zhang and Fang Fang Li are liable for damages equal to 2% of the

**underpayment for each month the wages remained unpaid to Plaintiff Han Lin.**

The IWPCA provides that employers are liable for damages equal to 2% of the underpayment for each month the wages remained unpaid to the employee.  820 ILCS 115/14(a) provides that:

> Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

820 ILCS 115/14(a).

Here, the jury found Defendants Hong Zhang and Fang Fang Li liable under the IWPCA to Plaintiff Lin for an unpaid separation wage of $14,560.24 owed in January 2020.  Plaintiff Lin is entitled to 2% of such underpayment for each month his wage remained unpaid.  Forty months have elapsed between January 2020, the date the final payment was owed, and May 2023, when the jury returned a verdict against Defendants Hong Zhang and Fang Fang Li and the Court entered judgment.  Thus, the Court awards Plaintiff Lin damages equal to 2% of the underpayment in the

amount of $11,648 (2% x $14,560.24 = $291.20 x 40 months = $11,648), for a total amount of $26,208.24 ($14,560.24 unpaid separation wage and $11,648 for 2% penalty), and will enter judgment in the amount as to Count V.

### III.   CONCLUSION

For the reasons stated above, the Court directs the Clerk to enter judgment in favor of Plaintiff Lin and against Defendants Hong Zhang and Fang Fang Li on Counts I and III in the amount of $22,874.72 ($4,131.44 for overtime wages, $7,305.92 for minimum wages, and $11,437.36 for liquidated damages).  The Court directs the Clerk to enter judgment in favor of Plaintiff Lin and against Defendants Hong Zhang and Fang Fang Li on Count V in the amount of $26,208.24 ($14,560.24 for unpaid separation wages and $11,648 for 2% penalty).

**IT IS SO ORDERED.**
**ENTERED:  June 6, 2023.**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**