UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

------------------------------------------------------------------ x

HAN LIN,

                                  Plaintiff,         Case No. 20-cv-03186 (SEM) (KLM)

          v.

JIAN YUN SHI
      d/b/a China Wok
      a/k/a Jenny Shi,
HONG ZHANG
      a/k/a Nick Zhang,
FANG FANG LI
      a/k/a Fangfang Li
      a/k/a Amy Li
      a/k/a Elaine Li,
CHINA WOK HILLSBORO INC
      d/b/a China Wok, and
XIN HUA LIN
      a/k/a Sin Lin
      a/k/a Sin H Lin,

                                  Defendants.

------------------------------------------------------------------ x

**<u>DEFENDANT HONG ZHANG'S AND FANG FANG LI'S RESPONSE IN OPPOSITION TO MOTION FOR DEFAULT AND/OR DEFENDANTS' MOTION TO QUASH SERVICE</u>**

      NOW COME Defendants Hong Zhang and Fang Fang Li, and for their Response in opposition to Plaintiff's Motion for Default and/or Defendants' motion to quash service, state as follows:

      1.     While the undersigned does not represent the persons whom Plaintiff seeks to default, the undersigned does represent Defendant Fang Fang Li who is mentioned or possibly implicated in Plaintiff's motion for default and supporting papers. Therefore, this Response is filed in order to "set the record straight" with respect to Plaintiff's faulty, gratuitous, and unsupported arguments generally, as well as those lobbed against Fang Fang Li whether directly or indirectly.

2.   It is noteworthy that this Court previously acknowledged, in the instant litigation involving Han Lin as Plaintiff, who did not begin working at the restaurant until 2018, that, "the parties now agree that China Wok 'is not a business entity but a d/b/a trade name.'" (*See* d/e # 55)

3.   The corporation known as China Wok Hillsboro, Inc. evidently did exist at one time. But that entity was dissolved on August 10, 2007. (*See* d/e # 70-2; *see also* Illinois Secretary of State Online Business Search, File Number 64112023)

4.   A court may take judicial notice of matters of public record. (*Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997)). In addition, a court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned. (*Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012)). Consequently, this Court can and should take judicial notice of the Illinois Secretary of State records establishing that China Wok Hillsboro, Inc. was involuntarily dissolved on 08/10/2007.

5.   Based upon Illinois law and its 5-year dissolution statute, China Wok Hillsboro, Inc. ceased to exist and could no longer sue or be sued as of 08/10/2012. (*See* 805 ILCS 5/12.80; *see also Sharif v. Int'l Dev. Grp. Co.*, 399 F.3d 857, 860 (7th Cir. 2005) ("We have clarified that '[u]nder Illinois law the five-year period after dissolution marks the outer limit for suits by dissolved firms as well as suits against them.'") Furthermore, as a statute of repose, it is "applicable not only to a dissolved corporation but also to its directors and shareholders." (*Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1185-86 (7th Cir.1980).)

6.    Defendants Hong Zhang and Fang Fang Li had no affiliation with China Wok Hillsboro, Inc.

7.    In fact, the China Wok restaurant, with its d/b/a trade name, was first operated by Defendants Hong Zhang and Fang Fang Li in 2018, a time period when the restaurant was owned by now-dismissed-Defendant Jian Yun Shi.  This year, 2018, is also the same year and time period when the Plaintiff was first employed at the restaurant.

8.    Plaintiff, therefore, has and had no basis in which to sue the corporation.  Indeed, based on Illinois's dissolution law, the corporation could no longer be sued as of 2012.  And, of course, since Plaintiff did not begin working at the restaurant until 2018, Plaintiff does not and did not have a legal basis in which to sue the long-defunct corporation either.

9.    When the process server evidently happened upon the restaurant to serve the long-since-dissolved corporation, Fang Fang Li was evidently there, and, not being able to speak English, she perhaps received the Summons directed at the corporation which was proffered by the process server.

10.   But Defendant Fang Fang Li was not the agent or registered agent for the defunct corporation, and Plaintiff has not shown otherwise.

11.   Moreover, according to Illinois law, in order to serve a dissolved corporation within the five-year period, the process server is obliged to serve the former registered agent of the corporation (*see* 805 ILCS 5/5.05(c)) or the Secretary of State (*See* 805 ILCS 5/5.25 (b)(3)).

12.   But Fang Fang Li was not the registered agent of the dissolved corporation, and Plaintiff has not shown otherwise.  And Fang Fang Li, obviously, was not the Secretary of State.

13.   Therefore, the purported service on the long since defunct corporation (Defendant China Wok Hillsboro, Inc.) was defective and invalid.

14. In fact, as shown by the corporation's filing with the Secretary of State, as of March 15, 2005, the registered agent of the corporation was "Xin Hua Lin" a/k/a Lin Xin Hua. (*See* d/e # 70-2). (Chinese people often, but not always, refer to themselves and each other by placing the last name first). And the registered agent's listed address was 215 W Washington St., Monticello, Illinois 61856. (*See id.*)

15. Therefore, in order to serve the separately-named Defendant, Xin Hua Lin, Plaintiff was obliged to serve Xin Hua Lin. But Plaintiff did not personally serve Xin Hua Lin, or at least Plaintiff has not shown that it did.

16. And Fang Fang Li was not the agent of Xin Hua Lin either, and Plaintiff has not shown otherwise.

17. The process server, in a failed attempt to establish "*abode*" service upon Xin Hua Lin, proffered a return of service showing purported "service" on Fang Fang Li at the restaurant address at 1119 Vandalia Rd., Hillsboro, Illinois 62049.

18. But the restaurant address has not been shown to be Xin Hua Lin's household (as set forth above, the registered agent's address was shown to be 215 W Washington St., Monticello, Illinois 61856).

19. And Fang Fang Li has not been shown to be a member of Xin Hua Lin's household.

20. Therefore, as with the defective and invalid service on the long since defunct corporation (Defendant China Wok Hillsboro, Inc.), the purported "*abode*" service on Defendant Xin Hua Lin (*via* Fang Fang Li) was, likewise, defective and invalid.

WHEREFORE, Defendants, Hong Zhang and Fang Fang Li, pray that the motion for default directed against Defendants China Wok Hillsboro, Inc. and Xin Hua Lin be denied and/or that the purported service be quashed.

Dated: June 22, 2023

Respectfully submitted,

/s/ James J. Berdelle
James J. Berdelle, Esq. (ARDC # 6185089)
Demidchik Law Firm, LLC
Attorneys for Defendants,
Hong Zhang and Fang Fang Li
150 S. Wacker Dr.-Suite 3000
Chicago, IL 60606
312-786-4777
james@dcklawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court on June 22, 2023. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ James J. Berdelle  
James J. Berdelle, Esq. (ARDC # 6185089)

James J. Berdelle, Esq. (ARDC # 6185089)  
Demidchik Law Firm, LLC  
Attorneys for Defendants,  
Hong Zhang and Fang Fang Li  
150 S. Wacker Dr.-Suite 3000  
Chicago, IL 60606  
312-786-4777  
james@dcklawfirm.com