## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| HAN LIN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | )   Case No. 20-cv-03186 |
| | ) |
| HONG ZHANG | ) |
|     a/k/a Nick Zhang, | ) |
| FANG FANG LI | ) |
|     a/k/a Fangfang Li | ) |
|     a/k/a Amy Li | ) |
|     a/k/a Elaine Li, | ) |
| CHINA WOK HILLSBORO INC | ) |
|     d/b/a China Wok, and | ) |
| XIN HUA LIN | ) |
|     a/k/a Sin Lin | ) |
|     a/k/a Sin H Lin, | ) |
| | ) |
|     Defendants. | ) |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, United State District Judge:**

Before the Court is Plaintiff's Motion for Default Judgment (d/e 97) against Defendants China Wok Hillsboro Inc. d/b/a China Wok and Xin Huan Lin a/k/a Sin Lin a/k/a Sin H Lin. For the following reasons, Plaintiff's Motion for Default Judgment (d/e 97) is DENIED.

### I.    BACKGROUND

On July 24, 2020, Plaintiff Han Lin filed a Complaint (d/e 1) against Defendants Jian Yun Shi, Hong Zhang, Fang Fang Li, China Wok Hillsboro Inc., and Xin Huan Lin.  On September 19, 2020, Plaintiff filed a five-count Amended Complaint (d/e 5) against Defendants for alleged violations of the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), and the Illinois Wage Payment and Collection Act (IWPCA).  Plaintiff worked as a waiter and a cook at China Wok, a restaurant in Hillsboro, Illinois.

On August 29, 2022, the Court granted in part and denied in part Defendants' Motion for Summary Judgment (d/e 55).  Counts I and III of Plaintiff's Amended Complaint remained pending against Defendants Zhang, Li, Lin, and China Wok Hillsboro Inc., and Count V remained pending against all Defendants.

Count I of the Amended Complaint alleged that Defendants Zhang, Li, Lin, and China Wok Hillsboro Inc. failed to pay Plaintiff the federally mandated minimum wage for some or all of the hours Plaintiff worked at China Wok, in violation of the minimum wage provisions of the FLSA, 29 U.S.C. § 201 et seq.  Count III alleged that Defendants Zhang, Li, Lin, and China Wok Hillsboro Inc. violated the overtime provision of the FLSA, 29 U.S.C. § 207(a), by

failing to pay Plaintiff overtime compensation at the statutorily mandated time-and-a-half rate.  Count V alleged that Defendants Shi, Zhang, Li, China Wok Hillsboro Inc., and Lin withheld earned wages from Plaintiff after Plaintiff left his job, in violation of the IWPCA, 820 ILCS 115/1.

On May 22, 2023, jury trial proceeded against Defendants Shi, Zhang, and Li.  During trial, the parties stipulated that Plaintiff's claims against Defendant Shi be dismissed with prejudice, with each party to pay his own costs.  d/e 83.  On May 23, 2023, the jury entered a verdict for Plaintiff and against Defendants Zhang and Li, awarding $4,131.44 in overtime wages and $7,305.92 in minimum wages owed during Plaintiff's employment as a server under the FLSA.  d/e 85.  The jury also entered a verdict for Plaintiff and against Defendants Zhang and Li, awarding $14,560.24 in unpaid wages under the IWPCA.  d/e 85.

On June 7, 2023, this Court entered judgment against Defendants Zhang and Li on Counts I and III in the amount of $22,874.72 and on Count V in the amount of $25,208.24, which included the amount awarded by the jury on each Count, liquidated

damages on Counts I and III, and the 2% underpayment penalty on Count V.  d/e 93.

## II.   LEGAL STANDARD

Plaintiff Han Lin has moved for an entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1):

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).  Whether a default judgment should be entered is left to the discretion of the district court.  Duling v. Markun, 231 F.2d 833, 836 (7th Cir. 1956).  "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment.  Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks."  VLM Food Trading Int'l, Inc. v. Illinois Trading Co., 811 F.3d 247, 255 (7th Cir. 2016) (quoting In re Catt, 368 F.3d 789, 793 (7th Cir. 2004)).

When considering a motion for default judgment, the Court accepts as true the well-pleaded facts set forth in the complaint. Dundee Cement, 722 F.2d at 1323); Green v. Westfield Insurance Co., 963 F.3d 619, 625 (7th Cir. 2020) (extending the well-pleaded-complaint standard to amended complaints).  An entry of default means that the facts within the complaint can no longer be contested.  Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).  While the factual allegations regarding liability are taken as true, those regarding damages are not.  Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012).  A plaintiff seeking default judgment must still establish entitlement to the relief requested.  In re Catt, 368 F.3d at 793.  Once the plaintiff has done so, the Court must determine with reasonable certainty the appropriate award of damages.  Id.  Only if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," the Court may enter default judgment without a hearing on damages.  e360 Insight v. Spamhause Project, 500 F.3d 594, 602 (7th Cir. 2007).

Lastly, "[a] default judgment must not differ in kind, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P.

54(c).  Plaintiff requests that Defendants China Wok Hillsboro Inc. and Xin Hua Lin be jointly and severally liable as to Plaintiff's damages that he received at trial.

### III.  ANALYSIS

"A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the territorial jurisdiction of the trial court' or (2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"  Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997) (citing Fed. R. Evid. 201(b)).  In order for a fact to be judicially noticed, "indisputability is a prerequisite."  Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir. 1995).

The Illinois Secretary of State documents are matters of public record, and the Court will take judicial notice of those documents. See Diaz v. Legion Personnel, Inc., No. 10 C 1500, 2010 WL 3732768, at *2 (N.D. Ill. Sept. 15, 2010) (taking judicial notice of a corporate record maintained by the Illinois Secretary of State).  The Illinois Secretary of State Business Entity database shows that

China Wok Hillsboro Inc. was dissolved on August 10, 2007. <u>See</u>
Illinois Secretary of State, Business Entity Search, China Wok
Hillsboro Inc., <u>https://apps.ilsos.gov/businessentitysearch/</u>. The
database lists Xin Hua Lin as President of China Wok Hillsboro
Inc., and lists 1119 Vandalia Road, Hillsboro, IL 62049 as the
address. <u>Id.</u> Additionally, as of March 15, 2005, the registered
agent of China Wok Hillsboro Inc. was Xin Hua Lin and his
associated address was 215 W Washington St., Monticello, Illinois
61856. <u>Id.</u>

### A. The Court Cannot Award a Default Judgment Against China Wok Hillsboro Inc.

Federal Rule of Civil Procedure Rule 4(h)(1)(B) allows for
service in a judicial district of the United States "by delivering a
copy of the summons and of the complaint to an officer, a managing
or general agent, or any other agent authorized by appointment or
by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).
Similarly, Rule 4(h)(1)(A) authorizes service of process on
corporations "in the manner prescribed by Rule 4(e)(1) for serving
an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows for
service "following state law for serving a summons in an action

brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Under Illinois law, suits against dissolved corporations and its directors and shareholders must be brought within a five-year period.  See 805 ILCS 5/12.80 ("[t]he dissolution of a corporation . . . shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution."); see also Sharif v. Int'l Dev. Grp. Co., 399 F.3d 857, 860 (7th Cir. 2005) ("We have clarified that '[u]nder Illinois law the five-year period after dissolution marks the outer limit for suits by dissolved firms as well as suits against them.'"); Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co., 68 F.3d 1016, 1018 (7th Cir. 1995) ("Under Illinois law the five-year period after dissolution marks the outer limit for suits by dissolved firms as well as suits against them.").  A dissolved corporation can be served by delivering the process to either the former registered agent of the corporation or the

Secretary of State, within five years of its dissolution.  805 ILCS 5/5.05(c); 805 ILCS 5/5.25(b)(3).

In this case, service was not proper against China Wok Hillsboro Inc. pursuant to Rule 4(h)(1)(A).  China Wok Hillsboro Inc. was dissolved on August 10, 2007.  See Illinois Secretary of State, Business Entity Search, China Wok Hillsboro Inc., https://apps.ilsos.gov/businessentitysearch/.  As a result, China Wok Hillsboro Inc. could no longer be named party to a suit as of August 10, 2012.  In the instant case, the Complaint was filed on July 24, 2020.  d/e 1.  Therefore, at the time of filing, Plaintiff had no legal basis to sue China Wok Hillsboro Inc.  Even if Plaintiff had filed suit within five years of China Wok Hillsboro Inc.'s dissolution, as of March 15, 2005, the registered agent of China Wok Hillsboro Inc. was Xin Hua Lin and the registered agent's listed address was 215 W Washington St., Monticello, Illinois 61856.  See Illinois Secretary of State, Business Entity Search, China Wok Hillsboro Inc., https://apps.ilsos.gov/businessentitysearch/.  The affidavit of service states that a copy of the summons and the first amended complaint was left with Fang Fang Li.  d/e 12.  Therefore, even if the action was brought within five years of the dissolution of China

Wok Hillsboro Inc., because service was made neither to Xin Hua Lin nor the Secretary of State, service on China Wok Hillsboro Inc. was improper under Rule 4(h)(1)(A).

Furthermore, service was insufficient pursuant to Federal Rule of Civil Procedure 4(h)(1)(B).  Here, the affidavit of service states that a copy of the summons and the first amended complaint was left with "Fang Fang Li [], Authorized Agent" of China Wok Hillsboro Inc.  d/e 12.  However, in the affidavit of service on Xin Hua Lin, Fang Fang Li is listed as a "Manager."  d/e 14, p. 1.  Plaintiff has not provided any evidence that Fang Fang Li was an officer, managing or general agent, or agent authorized by appointment or law.  See Fed. R. Civ. P. 4(h)(1)(B).  Thus, the Court cannot award a default judgment against China Wok Hillsboro Inc. on Counts I, III, and V.

### B. The Court Cannot Award a Default Judgment Against Defendant Xin Hua Lin.

On December 15, 2020, affidavits of service on Defendant Xin Hua Lin were filed with the Court.  d/e 14.  The first affidavit states that the summons and first amended complaint was served at 1119 Vandalia Road, Hillsboro, IL 62049 on November 12, 2020, by

personally serving Fang Fang Li.  Id.  The second affidavit of service

states that the summons and the first amended complaint was

addressed to Xin Huan Lin, and served at 1119 Vandalia Road,

Hillsboro, IL 62049 on November 12, 2020, by regular mail.  Id.  A

copy of the envelope addressed to Xin Hua Lin is also attached.  Id.

The affidavits of service do not demonstrate that proper service

was had on Defendant Xin Hua Lin.  Pursuant to Federal Rules of

Civil Procedure Rule 4(e)(2), an individual may be served by:

> (A) delivering a copy of the summons and of the
> complaint to the individual personally; (B) leaving a copy
> of each at the individual's dwelling or usual place of
> abode with someone of suitable age and discretion who
> resides there; or (C) delivering a copy of each to an agent
> authorized by appointment or by law to receive service of
> process.

Fed. R. Civ. P. 4(e)(2).

Additionally, an individual may be served by following state

law for service of summons in the state where the district court is

located.  Fed. R. Civ. P. 4(e)(1).  Illinois statute permits service of

summons upon an individual defendant:

> (1) by leaving a copy of the summons with the defendant
> personally, (2) by leaving a copy at the defendant's usual
> place of abode, with some person of the family or a
> person residing there, of the age of 13 years or upwards,
> and informing that person of the contents of the

> summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode, or (3) as provided in Section 1-2-9.2 of the Illinois Municipal Code with respect to violation of an ordinance governing parking or standing of vehicles in cities with a population over 500,000.

735 ILCS 5/2-203(a).

The affidavits do not demonstrate that Defendant Xin Hua Lin was personally served.  d/e 14.  Furthermore, 1119 Vandalia Road is the address of the China Wok restaurant, not Defendant Xin Hua Lin's "usual place of abode."  Fed. R. Civ. P. 4(e)(2); 735 ILCS 5/2-203(a).  Moreover, Plaintiff has not demonstrated that Fang Fang Li was a "person of [Xin Hua Lin's] family or a person residing [at Xin Hua Lin's usual place of abode]."  735 ILCS 5/2-203(a).  Plaintiff has also not shown that Fang Fang Li is an agent authorized by appointment or law to receive service of process for Xin Hua Lin.  Fed. R. Civ. P. 4(e)(2).  Moreover, to the extent that Defendant Xin Hua Lin is sued in his capacity as President of China Wok Hillsboro Inc., the five-year period of dissolution is "applicable not only to a dissolved corporation but also to its directors and shareholders."  Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co., 629 F.2d

1183, 1185-86 (7th Cir. 1980).  Thus, the Court cannot award a default judgment against Xin Hua Lin on Counts I, III, and V.

### C. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment (d/e 97) is DENIED.

**IT IS SO ORDERED.**
**ENTERED:  October 31, 2023.**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**