## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **HAN LIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HONG ZHANG** | ) | |
| **a/k/a Nick Zhang,** | ) | **Case No. 20-cv-03186** |
| **FANG FANG LI** | ) | |
| **a/k/a Fangfang Li** | ) | |
| **a/k/a Amy Li** | ) | |
| **a/k/a Elaine Li,** | ) | |
| **CHINA WOK HILLSBORO INC** | ) | |
| **d/b/a China Wok, and** | ) | |
| **XIN HUA LIN** | ) | |
| **a/k/a Sin Lin** | ) | |
| **a/k/a Sin H Lin,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, United State District Judge:**

Before the Court are Plaintiff's Motion for Attorneys' Fees and

Costs (d/e 94) and Supplemental Motion for Attorneys' Fees and

Costs (d/e 102).  For the following reasons, Plaintiff's Motions (d/e

94, 102) are GRANTED in part and DENIED in part.  The Court

awards attorneys' fees in the amount of $94,823.50, plus costs of

$3,571.62, for Plaintiff Han Lin and against Defendants Hong Zhang and Fang Fang Li.

## I.   BACKGROUND

On July 24, 2020, Plaintiff Han Lin filed a Complaint (d/e 1) against Defendants Jian Yun Shi, Hong Zhang, Fang Fang Li, China Wok Hillsboro Inc., and Xin Huan Lin.  On September 19, 2020, Plaintiff filed a five-count Amended Complaint (d/e 5) against Defendants for alleged violations of the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), and the Illinois Wage Payment and Collection Act (IWPCA).  Plaintiff worked as a waiter and a cook at China Wok, a restaurant in Hillsboro, Illinois.

On August 29, 2022, the Court granted in part and denied in part Defendants' Motion for Summary Judgment (d/e 55).  Counts I and III of Plaintiff's Amended Complaint remained pending against Defendants Zhang, Li, Lin, and China Wok Hillsboro, Inc., and Count V remained pending against all Defendants.

Count I of the Amended Complaint alleged that Defendants Zhang, Li, Lin, and China Wok Hillsboro, Inc. failed to pay Plaintiff the federally mandated minimum wage for some or all of the hours Plaintiff worked at China Wok, in violation of the minimum wage

provisions of the FLSA, 29 U.S.C. § 201 et seq.  Count III alleged

that Defendants Zhang, Li, Lin, and China Wok Hillsboro, Inc.

violated the overtime provision of the FLSA, 29 U.S.C. § 207(a), by

failing to pay Plaintiff overtime compensation at the statutorily

mandated time-and-a-half rate.  Count V alleged that Defendants

Shi, Zhang, Li, China Wok Hillsboro Inc., and Lin withheld earned

wages from Plaintiff after Plaintiff left his job, in violation of the

IWPCA, 820 ILCS 115/1.

On May 22, 2023, jury trial proceeded against Defendants Shi,

Zhang, and Li.  During trial, the parties stipulated that Plaintiff's

claims against Defendant Shi be dismissed with prejudice, with

each party to pay his own costs.  d/e 83.  On May 23, 2023, the

jury entered a verdict for Plaintiff and against Defendants Zhang

and Li, awarding $4,131.44 in overtime wages and $7,305.92 in

minimum wages owed during Plaintiff's employment as a server

under the FLSA.  d/e 85.  The jury also entered a verdict for

Plaintiff and against Defendants Zhang and Li, awarding

$14,560.24 in unpaid wages under the IWPCA.  d/e 85.

On June 7, 2023, this Court entered judgment against

Defendants Zhang and Li on Counts I and III in the amount of

$22,874.72 and on Count V in the amount of $25,208.24, which included the amount awarded by the jury on each Count, liquidated damages on Counts I and III, and the 2% underpayment penalty on Count V.  d/e 93.

Plaintiff then sought attorneys' fees and costs.  In his Motion for Attorneys' Fees, Plaintiff's counsel Troy Law, PLLC ("Troy Law") seeks a fee award of $75,150 and costs of $5,555.26, for a total of $80,695.26.  d/e 95, ¶ 75.  Additionally, Plaintiff's counsel John C. Ireland seeks a fee award of $69,471 and costs of $441.18, for a total of $69,912.18.  d/e 95, ¶ 76.  In total, Plaintiffs' counsels seek $150,607.44 in reasonable attorney fees and costs.

## II.   LEGAL STANDARD

The Fair Labor Standards Act (FLSA) provides that, in addition to any judgment awarded, plaintiffs may recover reasonable attorneys' fees.  29 U.S.C. § 216(b) ("The court . . . shall . . . , in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  Similarly, the Illinois Wage Payment and Collection Act (IWPCA) provides that "[a]ny employee not timely paid wages, final compensation, or wages by his or her employer as required by

this Act shall be entitled to recover . . . costs and all reasonable attorney's fees." 820 ILCS 115/14(a). The Court proceeds to calculate Plaintiff's FLSA and IWPCA attorney's fees using the lodestar method. See Palar v. Blackhawk Bancorporation, Inc., No. 4:11-cv-04039-SLD-JEH, 2014 WL 4087436 (C.D. Ill. Aug. 19, 2014) (applying lodestar method to calculate IWPCA attorney's fees); DeliverMed Holdings, LLC v. Schaltenbrand, Nos. 10-cv-684-JPG-DGW, 10-cv-685-JPG-DGW, 2012 WL 5987471, at *5–6 (S.D. Ill. Oct. 1, 2012) (applying federal principles to lodestar calculation of attorney's fees pursuant to IWPCA).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 422 (1983); see also Small v. Richard Wolf Med. Instruments Corp., 264 F.3d 702, 707 (7th Cir. 2001). Known as the lodestar method, the party seeking fees bears the burden of proving the reasonableness of the hours worked and rates claimed. Hensley, 461 U.S. at 436. The court may adjust the award based on various factors, including "the complexity of the legal issues involved, the degree of success obtained, and the public interest

advanced by the litigation." <u>Gastineau v. Wright</u>, 592 F.3d 747,

748 (7th Cir. 2010) (citation omitted).  "The standard is whether the

fees are reasonable in relation to the difficulty, stakes, and outcome

of the case."  <u>Id.</u> (quoting <u>Connolly v. Nat'l. Sch. Bus Serv., Inc.</u>, 177

F.3d 593, 597 (7th Cir. 1999)).  If the court decides to reduce the

rate or hours to make them reasonable, the court must provide a

"concise but clear explanation of its reasons" for any reduction.

<u>Uphoff v. Elegant Bath, Ltd.</u>, 176 F.3d 399, 409 (7th Cir. 1999).

### III.   ANALYSIS

#### A. The Court Adjusts the Lodestar Amount Downward to Reflect an Appropriate Hourly Rate.

Plaintiffs request a total of $144,611 in attorneys' fees

calculated as follows:

| Attorney | Hourly Rate | Hours | Total per Attorney |
|---|---|---|---|
| John Troy (Managing Attorney) | $650 | 55.73 | $36,224.50 |
| John C Ireland (Managing Associate) | $465 | 149.4 | $69,471 |
| Aaron Schweitzer (Managing Associate) | $400 | 84.28 | $33,712 |
| Tiffany Troy (Associate) | $250 | 9.79 | $2,447.50 |

| Preethi Kilaru (Managing Clerk) | $200 | 13.78 | $2,756 |
|---|---|---|---|
| **TOTAL** | | 312.98 | $144,611 |

### i.    The Court deducts attorney hours attributable to Preethi Kilaru as not reasonably expended.

First, the Court addresses the reasonableness of the hours expended by Plaintiff's attorneys litigating this case.  The Court considers the number of hours worked, excluding the hours it deems inadequately documented or not reasonably expended on the litigation.  Hensley, 461 U.S. at 433–34; see Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 550 (7th Cir. 1999).  If an attorney has failed to properly exclude or tailor unreasonable entries, "the district court may reduce the number of hours accordingly."  Batt v. Micro Warehouse, Inc., 249 F.3d 891, 894 (7th Cir. 2001); see Delgado v. Mark, No. 6 C 3757, 2009 WL 211862, at *4 (N.D. Ill. 2009) ("[T]ime entries must be sufficiently detailed to permit the Court to determine whether the hours expended were reasonable and necessary to the conduct of the litigation.").

Plaintiff submitted a motion for attorneys' fees seeking compensation for 55.73 hours of Mr. Troy's time, 149.4 hours of

Mr. Ireland's time, 84.28 hours of Mr. Schweitzer's time, 9.79 hours of Ms. Troy's time, and 13.78 hours of Ms. Kilaru's time.  d/e 95, ¶ 72.  Mr. Troy, Mr. Schweitzer, Ms. Troy, and Ms. Kilaru are all employed by Troy Law, while Mr. Ireland is employed at the Law Office of John Ireland.  The request was accompanied by time records and declarations from Mr. Troy and Mr. Ireland.  d/e 95, 102.

Defendants Zhang and Li argue that Plaintiff's time entries must be reduced because of overstaffing.  d/e 101, p. 10.  Plaintiff responds that each staff member had a distinct, and not duplicative, role in the instant case, and argues that the time entries are reasonable.  d/e 104, p. 6.  "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley, 461 U.S. at 434.

The time entries submitted by Plaintiff detail the staff member assigned to a task, a short description of the task, and the amount of time spent on each task.  d/e 95, Ex. 1, Ex. 3, Ex. 4; d/e 102, Ex. 2, Ex. 3.  Despite Defendants Zhang and Li's claim of overstaffing, the Court's examination of the time entries submitted

by Plaintiff attribute different tasks and responsibilities to each staff member.

The Court does note that a handful of time entries contain the same work description attributed to different staff members.  For example, on September 30, 2021, Mr. Troy and Mr. Schweitzer billed 0.83 and 1.67 hours, respectively, for "Defend def depo of Plf." d/e 95, Ex. 1, p. 5.  However, while "the tendency of law firms to overstaff a case should cause the trial court to scrutinize a fees petition carefully for duplicative time," Jardien v. Winston Network, Inc., 888 F.2d 1151, 1160 (7th Cir. 1989), the mere fact that "two lawyers have billed for the same task does not mean that the hours should be deducted."  Gibson v. City of Chi., 873 F. Supp. 2d 975, 989 (N.D. Ill. 2012); see also Tchemkou v. Mukasey, 517 F.3d 506, 511–12 (7th Cir. 2008) ("The practice of law often, indeed usually, involves significant periods of consultation among counsel. Talking through a set of authorities or seeking advice on a vexing problem is often significantly more efficient than one attorney's [sic] trying to wade through the issue alone.").  Furthermore, the Court did not observe any glaringly excessive amounts of review on the part of Plaintiff's attorneys.  But see Lizak v. Great Masonry, Inc., No. 08-

C-1930, 2010 WL 3001906, at *5 (N.D. Ill. July 29, 2010) (finding unreasonable the "excessive and unnecessary" rounds of re-reading or re-writing by an attorney "given the uncomplicated nature" of the case).  As a result, despite the identical work descriptions for different staff members of Troy Law for a couple of time entries, the Court does not find those time entries duplicative.  Moreover, Defendants Zhang and Li have not identified which disputed time entries are a result of overstaffing, and how.  The challenger to a fee petition "must detail his objections to the fee petition such that the court can determine what portion of the fees, if any, were not reasonably expended."  RK Co. v. See, 622 F.3d 846, 854 (7th Cir. 2010).  Thus, the Court declines to reduce the number of hours for Mr. Troy, Mr. Ireland, Mr. Schweitzer, and Ms. Troy as submitted.

However, Troy Law seeks 13.78 hours attributed to Preethi Kilaru, managing clerk.  d/e 95, ¶ 70.  Ms. Kilaru's tasks included preparing client retainers, setting up telephone lines, following up on service, and logistics planning for the attorneys.  d/e 95, Ex. 1.  These tasks could have been performed by a paralegal or legal assistant.  "Generally, attorney or paralegal time should not be charged for administrative tasks."  Young v. Accounts Recovery

Bureau, Inc., No. 1:11-cv-255-WTL-DKL, 2012 WL 3764014, at *4 (S.D. Ind. Aug. 8, 2012) (citing Spegon, 175 F.3d at 553).  Here, from the Court's examination of Ms. Kilaru's time entries, it is apparent that Ms. Kilaru billed for administrative tasks rather than tasks sufficiently complex to justify the use of a paralegal.  See People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1313 (7th Cir. 1996) ("The only inquiry for requested paralegal fees should be whether the work was sufficiently complex to justify the efforts of a paralegal[.]").  For this reason, the Court deducts 13.78 billing hours attributable to Ms. Kilaru sought by Troy Law.

**ii.   Plaintiff's attorneys' hourly rates are reduced to reflect the prevailing market rate in the Central District of Illinois, the uncomplicated nature of this dispute, the attorneys' experience, and the attorney's prior fee awards.**

Second, the Court addresses the reasonableness of the hourly rates sought by Plaintiff's attorneys.  A court may award attorneys' fees for prior years of service based on current billing rates or, instead, award attorneys' fees based on the hourly rates applicable when the services were rendered and then add interest.  See Skelton v. Gen. Motors Corp., 860 F.2d 250, 255 n.5 (7th Cir. 1988) (while applying current billing rates for assessing interest is an

acceptable method of properly compensating the prevailing party for attorneys' fees incurred over a period of years, "[t]he courts in this circuit generally use current rates").  In the instant case, attorneys for Plaintiff have not provided evidence of current billing rates; rather, evidence of historical hourly rate awards were submitted.

A "reasonable" hourly rate is "one that is derived from the market rate for the services rendered." Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 640 (7th Cir. 2011) (citing Denius v. Dunlap, 330 F.3d 919, 930 (7th Cir. 2003)).  It is presumed that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate. Denius, 330 F.3d at 930.  If that burden is satisfied, the burden shifts to the other party to offer evidence that sets forth "good reason" why a lower rate should be awarded. People Who Care, 90 F.3d at 1313 (internal quotation marks and citations omitted).  If an attorney uses contingent fee arrangements, the "next best evidence" of an attorney's market rate is "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." Spegon, 175 F.3d at 555. However, the Seventh Circuit has "expressed a preference for third

party affidavits that attest to the billing rates of comparable attorneys." <u>Pickett</u>, 664 F.3d at 640.  If the party seeking fees fails to carry its burden, the Court may properly "make its own determination of a reasonable rate." <u>Id.</u> (citation omitted).

### 1. John Troy

Plaintiff seeks a rate of $650 per hour for the time John Troy, a managing partner with over 30 years of experience, expended on the case.  d/e 95, ¶ 27.  In support of this rate, Mr. Troy lists the hundreds of wage-and-hour matters he is attorney of record on in various districts.  d/e 95, ¶ 16, 17, 18, 19.  The declaration also contains his professional accomplishments and hourly rates that courts have previously awarded him.  d/e 95, ¶ 26.

Defendants Zhang and Li claim that Mr. Troy's affidavit is "self-serving" and that it does not satisfy Plaintiff's burden of proving market rates.  d/e 101, p. 5 (citing <u>Uphoff v. Elegant Bath, Ltd.</u>, 176 F.3d 399, 409 (7th Cir. 1999) ("An attorney's self-serving affidavit alone cannot satisfy a plaintiff's burden of establishing market value for that attorney's services.")).  The party seeking fees "bears the burden of producing satisfactory evidence—**in addition to the attorney's own affidavits**—that the requested rates are in

line with those prevailing in the community." <u>Pickett</u>, 664 F.3d at 640 (internal quotation marks and citation omitted) (emphasis added).  In <u>Spegon</u>, the Court found that, in order to shift the burden, the party seeking fees needed to provide evidence, other than an affidavit, that the requested rates were the market rates for someone with comparable experience.  175 F.3d at 556.  The party seeking fees could have accomplished this by "submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work or by submitting evidence of fee awards the attorney has received in similar cases." <u>Id.</u>  Here, while Mr. Troy provided the Court with past fee awards from primarily the New York legal market, none of the previous awards of attorney's fees cited by Mr. Troy stem from the Central District of Illinois or other courts within the Seventh Circuit.  d/e 95, ¶ 26.

Fee awards from prior similar cases are relevant to the Court's determination of a reasonable hourly rate and cannot be ignored out-of-hand.  <u>Spegon</u>, 175 F.3d at 557.  In his reply, Mr. Troy points to several Seventh Circuit cases awarding attorney fees.  d/e 104, p. 4.  <u>See, e.g.</u>, <u>Goesel v. Boley Int'l (H.K.) Ltd.</u>, 806 F.3d 414, 420 (7th Cir. 2015) (finding rate of $300 per hour and $180 per

hour reasonable for a partner and associate, respectively); Coffman Law Offices, P.C. v. Damore, No. 18-cv-00649 (ABJ), 2019 WL 2005921, at *7 (Ill. App. Ct. May 6, 2019) (finding rate of $350 per hour and $300 per hour reasonable for a partner and associate with experience, respectively); Neuros Co. v. KTurbo Inc., No. 08-cv-05939 (JWD), 2010 WL 547599, at *1 (N.D. Ill. Feb. 9, 2010) (finding rates ranging from $215 to $450 per hour reasonable); Entm't Software Ass'n v. Blagojevich, No. 05-cv-04265 (MFK), 2006 WL 3694851, at *3 (N.D. Ill. Aug 9, 2006) (approving rates of $565 and $495 per hour for Jenner & Block because it "normally charges clients at the above rates and plaintiffs actually paid counsel at these rates"); Jones v. Ameriquest Mortg. Co., No. 05-cv-00432 (DHC), 2009 WL 631617, at *4 (N.D. Ill. Mar. 10, 2009) (finding rates of $250 to $465 per hour reasonable).

A survey of recent fee awards in this district reveals a much lower range of hourly rates than those requested by Mr. Troy. See, e.g., Jackson v. City of Peoria, No. 17-cv-1129, 2019 WL 5103806, at *6–8 (C.D. Ill. Oct. 11, 2019) (finding $425 per hour the prevailing market rate and a reasonable hourly rate for attorney who provided affidavits of other local attorneys and prior fee

agreements); <u>Donaldson v. MBR Cent. Ill. Pizza, LLC</u>, No. 18-cv-3048, 2019 WL 447969, at *3 (C.D. Ill. Sept. 17, 2019) (noting that plaintiffs' attorneys' rates of $250 to $400 per hour "are in line with the rates that have recently been approved in this District" when reviewing FLSA settlement); <u>Norton v. City of Springfield</u>, No. 15-3276, 2018 WL 6601083, at *3 (Dec. 17, 2018) (awarding $300 per hour for experienced attorney and $250 per hour for less experienced associate in the Central District of Illinois); <u>Abellan v. HRDS Le Roy IL, LLC</u>, No. 16-cv-1037, 2018 WL 6247260, at *10 (C.D. Ill. Nov. 29, 2018) (approving fee award where attorneys and paralegals billed rates between $150 and $400 per hour). Moreover, other districts within the Seventh Circuit have found lower market rates reasonable for FLSA wage and hours litigation. <u>See, e.g.</u>, <u>Kim v. Korean News of Chicago Inc.</u>, No. 17-cv-01300, 2022 WL 18401370, at *2 (N.D. Ill. Dec. 14, 2022) (finding attorneys' rates of $295 per hour reasonable in a case involving FLSA and IMWL); <u>Cain v. Patel</u>, No. 19-cv-1385-RJD, 2022 WL 1306304, at *5 (S.D. Ill. May 2, 2022) (finding attorney's rates ranging from $250 and $400 reasonable in a case involving FLSA and IMWL claims); <u>Gunn v. Stevens Sec. & Training Servs., Inc.</u>, No.

17-cv-06314, 2020 WL 5593747, at *3 (N.D. Ill. Sept. 18, 2020) (approving fee award where attorneys and paralegals billed rates between $190 and $565 per hour in case involving FLSA, IWCPA, and IMWL).  Moreover, the Court has assessed the reasonableness of requested attorney's fees in Second Amendment cases and have found effective hourly rates of $300 to $600 reasonable.  See Pub. Interest Legal Found., Inc. v. Bernadette Matthews, et al., No. 20-cv-3190, docket entry 49 (C.D. Ill. June 8, 2022) (awarding attorneys' fees of $350 and $525 per hour); Moore v. Madigan, No. 11-cv-3134, docket entry 109 (C.D. Ill. July 21, 2015) (awarding attorneys' fees of $640 per hour).  Those cases involved attorneys of comparable expertise and experience as Plaintiff's counsel.

The Court acknowledges that this case involved parties whose native language was Mandarin Chinese, requiring the use of translation services and potentially more time on the part of counsel.  However, on a substantive level, this case was straightforward.  It presented no complex employment law issues, and there is nothing about this case that made it any more difficult than a typical wage-and-hour matter.  Additionally, Mr. Troy did not provide affidavits from other local attorneys attesting to the

requested $650 per hour rate.  See Jackson v. City of Peoria, No. 17-cv-1129, 2019 WL 5103806, at *7.

Taking into consideration Mr. Troy's professional experience, the relatively uncomplex nature of this dispute, counsel's prior fee awards, the rates awarded by other courts in the Central District of Illinois, the Court finds $350 a reasonable hourly rate for Mr. Troy's services in this case.

### 2. John Ireland

Plaintiff seeks a rate of $465 per hour for the time John Ireland, local counsel with almost 20 years of experience, expended on the case.  d/e 95, ¶ 34.  In support of this rate, Mr. Ireland cites the $450 per hour rate approved by the Northern District of Illinois in Mair v. Earthmed LLC.  No. 19-cv-8107, d/e 102 (N.D. Ill. June 22, 2022).  d/e 102, p. 3.  Ireland requests an increased rate of $465 per hour due to the inflation rate and his increased expertise. d/e 102, p. 3.

Mair is distinguishable from the instant case because of the level of complexity involved.  Mair was a complex class action litigation case concerning FLSA and IMWL and involving 84 class members.  Here, while the claims alleged violations of the FLSA and

IMWL were the subject, the instant case only involved five defendants and the jury returned a verdict for only two defendants. Moreover, <u>Mair</u> was a federal case in the Northern District of Illinois, which includes larger legal markets, such as Chicago, than the legal markets in the Central District of Illinois.

Rather, the Court looks to the recent fee awards previously cited in this district.  Taking into consideration Mr. Ireland's professional experience, the relatively uncomplex nature of this dispute, counsel's prior fee awards, the rates awarded by other courts in the Central District of Illinois, the Court finds $350 a reasonable hourly rate for Mr. Ireland's services in this case.  In coming to this hourly rate, the Court considers the fact that Mr. Ireland's $450 per hour rate was approved in June 2022, less than a year from when the jury trial in the instant case took place in May 2023.  In awarding an hourly rate on the high end of the awards in this district, the Court does not find that a one-year increase in experience in the context of a career that spans 20 years justifies a higher hourly rate.

### 3. Aaron Schweitzer

Plaintiff seeks a rate of $400 per hour for the time Aaron Schweitzer, managing associate with approximately five years of legal experience, expended on the case.  d/e 95, ¶¶ 40, 51.

For the reasons previously stated, taking into consideration Mr. Schweitzer's professional experience, the relatively uncomplex nature of this dispute, counsel's prior fee awards, the rates awarded by other courts in the Central District of Illinois, the Court finds $250 a reasonable hourly rate for Mr. Schweitzer's services in this case.

### 4. Tiffany Troy

Plaintiff seeks a rate of $250 per hour for the time Tiffany Troy, associate and court-certified interpreter, expended on the case.  d/e 95, ¶¶ 65, 69.  In support of this rate, Plaintiff cites to past awards received, predominately in the Southern and Eastern Districts of New York.  Id. at ¶ 68.  The earliest that Ms. Troy was admitted to a state bar in 2021.  Id. at ¶ 57.

For the reasons previously stated, taking into consideration Ms. Troy's professional experience, the relatively uncomplex nature of this dispute, counsel's prior fee awards, the rates awarded by

other courts in the Central District of Illinois, the Court finds $200
a reasonable hourly rate for Ms. Troy's services in this case.

**B. The Court Declines to Modify the Lodestar Amount on the Grounds that the Plaintiff Achieved Limited Success or To Take Into Account Inflation.**

Defendants Zhang and Li argue that Plaintiff's attorneys' fees
award should be adjusted because of Plaintiff's only partial or
limited success.  d/e 101, p. 10–13.  When a plaintiff has obtained
an excellent result, his attorney should recover a fully compensable
fee (i.e., the lodestar amount), and the fee "should not be reduced
simply because the plaintiff failed to prevail on every contention
raised in the lawsuit."  Hensley, 461 U.S. at 435.  However, "[i]f . . .
a plaintiff has achieved only partial or limited success, the product
of hours reasonably expended on the litigation as a whole times a
reasonable hourly rate may be an excessive amount."  Id. at 436.  A
party may not recover attorney's fees for hours spent on
unsuccessful claims "distinct in all respects" from the successful
claims.  Bryant v. City of Chicago, 200 F.3d 1092, 1101 (7th Cir.
2000) (quoting Spanish Action Comm. v. City of Chicago, 811 F.2d
1129, 1133 (7th Cir. 1987)).  Where both successful and
unsuccessful claims "involve a common core of facts or are based

on related legal theories," time spent on related, unsuccessful claims may still be compensable.  Id.  Claims are related where they "seek relief for essentially the same course of conduct."  Mary Beth G. v. City of Chicago, 723 F.2d 1263, 1279 (7th Cir. 1983).  With related claims, work performed on unsuccessful claims may still contribute to an ultimate victory, and litigants should not be penalized for pursuing multiple alternative theories if a court only awards relief based on one.  See Hensley, 461 U.S. at 435.  When reducing a fee to reflect a partial success, a district court has discretion to identify specific hours to be eliminated or "simply reduce the award across the board."  Mary Beth G., 723 F.2d at 1279 (quoting Spanish Action Comm., 811 F.2d at 1133).

In the instant matter, Plaintiff initially set forth a five-count Amended Complaint (d/e 5) against Defendants Shi, Zhang, Li, China Wok Hillsboro Inc., and Lin for alleged violations of the FLSA, the IMWL, and the IWPCA.  All five counts arose from the same set of facts.  On August 29, 2022, the Court granted in part and denied in part Defendants' Motion for Summary Judgment (d/e 55).  The Court granted summary judgment as to Count II of the Amended Complaint, which alleged that Defendants failed to pay Plaintiff the

state-mandated minimum wage in violation of the IMWL and Count IV, which alleged that Defendants failed to pay Plaintiff overtime wages in violation of the overtime pay provision of the IMWL. See 820 ILCS 105/4(a).

At the time of trial, Counts I and III of Plaintiff's Amended Complaint remained pending against Defendants Zhang, Li, Lin, and China Wok Hillsboro, Inc., and Count V remained pending against all Defendants. During trial, the parties stipulated that Plaintiff's claims against Defendant Shi be dismissed with prejudice, with each party to pay their own costs. d/e 83.

While Plaintiff did not succeed on every single claim in his Amended Complaint, Plaintiff's counsel obtained a favorable result for Plaintiff for the fundamental set of facts contained in the Amended Complaint. On May 23, 2023, a jury entered a verdict for Plaintiff and against Defendants Zhang and Li, awarding $4,131.44 in overtime wages and $7,305.92 in minimum wages owed during Plaintiff's employment as a server under the Fair Labor Standards Act (FLSA). d/e 85. The jury also entered a verdict for Plaintiff and against Defendants Zhang and Li, awarding $14,560.24 in unpaid

wages under the Illinois Wage Payment and Collection Act (IWPCA). d/e 85.

Mr. Troy and Mr. Ireland also argue that inflation justifies paying them a higher rate than their previous awards. The Court may set a higher rate for prior billing years to account for inflation, but it must do so based upon a rational multiplier. Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc., 776 F.2d 646, 664 (7th Cir. 1985). In the instant case, because the Court awarded hourly rates on the higher end of historical trends in the Central District of Illinois and the Seventh Circuit, the Court refuses to apply an additional upward adjustment for inflation. See Spegon, 175 F.3d at 548–59 (acknowledging while awarded rates were based off of year-and-a-half ago rates, not below the current market rates for their respective services because when it awarded those rates it considered them to be on the "high" end).

The Court awards Plaintiff attorney's fees in the amount of $94,823.50, as follows:

| Attorney | Hourly Rate | Hours | Total per Attorney |
|---|---|---|---|
| John Troy (Managing Attorney) | $350 | 55.73 | $19,505.50 |

| John C Ireland (Managing Associate) | $350 | 149.4 | $52,290 |
|---|---|---|---|
| Aaron Schweitzer (Managing Associate) | $250 | 84.28 | $21,070 |
| Tiffany Troy (Associate) | $200 | 9.79 | $1,958 |
| Preethi Kilaru (Managing Clerk) | -- | 0 | $0 |
| **TOTAL** | | 299.2 | $94,823.50 |

### C. Bill of Costs

Federal Rule of Civil Procedure 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. R. 54(d)(1). Pursuant to 28 U.S.C. § 1920, a prevailing party may recover (1) fees of the clerk and marshal; (2) fees of the court reporter for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of paper necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of a court-appointed experts and interpreters. 28 U.S.C. § 1920; Harney v. City of Chicago, 702 F.3d 916, 927 (7th Cir. 2012). A district court should consider both whether the bill of

costs identified expenses of the type authorized by the statute and whether the costs were reasonably incurred.  <u>Majeske v. City of Chicago</u>, 218 F.3d 816, 824 (7th Cir. 2000).

Plaintiff's Counsels Troy Law and John C. Ireland request $5,555.26 and $441.18, respectively, in costs incurred in litigating this case.  d/e 95-1, p. 9; d/e 102, Ex. 4.  Defendants Zhang and Li do not dispute the plaintiff's submitted bill of costs.  Plaintiff Han Lin is the prevailing party in this lawsuit.  Thus, the Court will award reasonable and necessary costs of the action to Plaintiff.  The Court addresses each category of expense in turn.

## 1. The Court Approves $376 for Attorney Admission Expenses.

Troy Law seeks reimbursement for $462 for attorney admissions, $231 each for Mr. Schweitzer and Mr. Troy, respectively.  d/e 95-1, p. 9.  A prevailing party may recover "[f]ees of the clerk and marshal," which includes a $188 fee for "original admission of attorneys to practice."  <u>Canter v. AT&T Umbrella Benefit Plan No. 3</u>, 33 F.4th 949, 959 (7th Cir. 2022) (citing 28 U.S.C. § 1914, District Court Miscellaneous Fee Schedule #10).  As

a result, the Court will award $188 for Mr. Schweitzer and Mr. Troy each for attorney admission fees, for a total of $376.

### 2. The Court Approves $400 for Filing Fees.

Troy Law seeks reimbursement for $400 in filing fees. d/e 95-1, p. 9.  The costs of filing fees are recoverable pursuant to 28 U.S.C. § 1920(1).  Therefore, $400 for filing fees is allowed.

### 3. The Court Approves $390 for Process Server Fees.

Troy Law seeks reimbursement for $475 in process server fees. d/e 95-1, p. 9.  The Seventh Circuit has held that fees for private process servers are taxable as costs under 28 U.S.C. § 1920(1), provided that the rates charged by the process servers do not exceed those charged by the U.S. Marshals to effectuate service of process.  See Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir.1996) ("[T]he prevailing party [can] recover service costs that do not exceed the marshal's fees, no matter who actually effected service."). Pursuant to 28 C.F.R. § 0.114(a)(3), when the U.S. Marshals serve process personally, it costs $65.00 per hour for each item served plus travel costs and any other out-of-pocket expenses.

Troy Law did not submit invoices from the private process servers in support of its request for summons costs, so the Court

lacks information about the hourly rate charged by the process server, the actual time spent serving process, or any information regarding travel or expenses.  The Court cannot determine whether the amount requested for service of process is taxable without information regarding the amount of time the private process servers spent serving process and how far they traveled to do so.  See Vardon Golf Co., Inc. v. Karsten Mfg. Corp., No. 99 C 2785, 2003 WL 1720066, at *8 (N.D. Ill. Mar. 31, 2003).  The costs appear to be consistent with what Marshals might charge, but the Court "will not award potentially unjustified costs based upon speculation."  Id.  Instead, the Court will award the minimum charge of the U.S. Marshals: $65.00 per incident of service for a total of $390.

### 4. The Court Approves $2,405.62 for Interpretation Services.

Troy Law seeks $2,405.62 for interpretation services.  d/e 95-1, p. 9.  A prevailing party may recover "compensation of interpreters." 28 U.S.C. § 1920(6).  Therefore, $2,405.62 for interpretation services is allowed.

### 5. The Court Disallows Expenses for Attorney Travel and Hotel Accommodations Associated with Trial.

Troy Law seeks $1,481.10 in attorney transportation and $304.74 in hotel accommodations associated with trial.  d/e 95-1, p. 9.  John C. Ireland seeks $441.18 for attorney accommodations during trial.  d/e 102, Ex. 4.  Attorney travel and hotel accommodation expenses are not recoverable as costs.  Wahl v. Carrier Mfg. Co., Inc., 511 F.2d 209, 217 (7th Cir. 1975) (holding attorney traveling expenses are not recoverable as costs); see also Mihailovich v. Laatsch, No. 99 C 4780, 2002 WL 91897, at *4 (N.D. Ill. Jan. 24, 2002) (disallowing attorney travel expenses for a rental car, airfare to attend a deposition, and hotel bills and parking fees incurred while attending trial).  Such expenses are not listed as recoverable costs in 28 U.S.C. § 1920.  Therefore, $1,418.10 for transportation associated with trial, $304.74 for accommodations during trial for Troy Law, and $441.18 for hotel accommodations for trial for John C. Ireland will be disallowed.

For the reasons states above, Plaintiff's bill of costs is allowed in part and denied in part.  Costs shall be taxed in favor of Plaintiff Han Lin, and against Defendants Zhang and Li, in the amount of $3,571.62.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs' motion for attorneys' fees and costs (d/e 94, 102) is GRANTED in part and DENIED in part.  The Court, in its discretion, awards Plaintiffs $94,823.50 in attorneys' fees and $3,571.62 in costs.


**IT IS SO ORDERED.**
**ENTERED:  October 31, 2023.**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**